The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ronda S. TROUDT, a/k/a Ronda Sandsted Defendant–Appellant.

No. 98CA1287.

Colorado Court of Appeals, Div. I.

Dec. 9, 1999.

Certiorari Denied July 24, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Hugo Teufel, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Ronda Troudt, appeals the judgment of conviction entered upon the trial court's verdict finding her guilty of unlawful possession of a controlled substance (methamphetamine). On appeal, defendant's sole claim is that the trial court erred in denying her motion to suppress evidence and statements obtained as the result of an allegedly unlawful search and arrest. We disagree and therefore affirm.

Pursuant to a directive issued by the chief judge for the district, all members of the general public are required to pass through a security checkpoint before entering the Jefferson County courthouse. There is a sign posted by the checkpoint which alerts persons entering the building that they will be subject to search. Uniformed guards operate an x-ray machine to examine the contents of parcels. The guards require all members of the public to walk through a magnetometer.

Before allowing persons to proceed through the magnetometer, the guards ask them to remove any metal items from their possession and direct them to place the items in a basket, along with the contents of their pockets. The guards then visually inspect these items.

Defendant went to the courthouse to attend a court proceeding and approached the security checkpoint. She placed several items into the basket and proceeded to the magnetometer. One of the items which defendant surrendered to the guard was a leather cigarette case with two compartments. The guard determined that he needed to open both compartments of the case in order to ascertain whether it contained a knife, razor blade, or other sharp object. The guard testified that he previously had found such objects concealed in similar small areas.

Upon opening the smaller compartment, the guard observed a little packet containing a white powdery substance. The guard alerted a deputy sheriff who was monitoring the security checkpoint. A field test of the white powdery substance revealed that it was methamphetamine and defendant was arrested.

Based on this evidence, the trial court concluded that defendant was subject to a lawful administrative search and denied defendant's motion to suppress evidence of the seized methamphetamine and her post-arrest statements. Defendant was found guilty af-

ter an abbreviated bench trial based on stipulated evidence. This appeal followed.

■ The voluntariness of a consent to search is a question of fact to be determined by the trial court. *People v. Magallanes–Aragon,* 948 P.2d 528 (Colo.1997). An appellate court gives deference to a trial court's findings of fact in a suppression hearing and such findings will be set aside only if they are not supported by the record. *People v. Rodriguez,* 924 P.2d 1100 (Colo.App.1996), 945 P.2d 1351 (Colo.1997).

■ Warrantless searches are presumptively unconstitutional. However, one of the recognized exceptions to the warrant requirement is a regulatory search pursuant to a statutory or administrative program. A warrantless search without probable cause or individualized suspicion is constitutional when conducted pursuant to a regulatory program calculated to further a manifestly important governmental interest under circumstances where the program is reasonably tailored to further the governmental interest and where the intrusion on personal privacy or security is relatively slight in comparison to the interest served by the program. *People v. Heimel,* 812 P.2d 1177 (Colo.1991).

In *People v. Heimel, supra,* the supreme court held that airport security screening procedures for potential passengers were a form of consensual regulatory search in furtherance of a systematic program directed at ensuring the safety of persons and property traveling in air commerce.

■ Here, the trial court determined that the security checkpoint was necessary to further the manifestly important governmental interest in maintaining courthouse security. Although the precise wording of the sign cannot be gleaned from the record, it is undisputed that a sign was at the security station which advised all individuals entering the building that they would be subject to a search for weapons.

The trial court found that the nature of the security checkpoint was such that defendant must have been aware that she would be subject to a search for weapons, that defendant voluntarily consented to such a search

of her cigarette case, and that the minimally intrusive search conducted by the guard did not exceed the scope of consent granted by defendant. Our review of the record supports the conclusion that a cigarette case could have contained a weapon such as a razor blade or knife.

Accordingly, we uphold the trial court's ruling that the evidence and statements at issue were obtained as the result of a lawful administrative search to which defendant voluntarily consented. *See State v. Plante,* 134 N.H. 585, 594 A.2d 165 (1991), *cert. denied, Plante v. New Hampshire,* 502 U.S. 984, 112 S.Ct. 590, 116 L.Ed.2d 614 (1991) (sufficient evidence to support trial court's finding that bailiff's search of a small throat lozenge container found in defendant's purse at a courthouse security checkpoint was a reasonable administrative search for tiny weapons or explosives that could have been concealed in a container of that size; defendant consented to such a search by voluntarily relinquishing her purse to the bailiff).

The judgment is affirmed.

Judge METZGER and Judge VOGT concur.