## No. 24910

**The People of the State of Colorado v. Timothy Paul Theel**
(505 P.2d 964)

Decided January 29, 1973.

Duke W. Dunbar, Attorney General, John P. Moore,

Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

■ Defendant Theel was found guilty by a jury of unlawful possession of marijuana. His motion for judgment of acquittal on the ground of insufficiency of the evidence was denied. On appeal, the defendant argues that, as a matter of law, the evidence was insufficient. We agree and therefore reverse the judgment.

Defendant was arrested for hitchhiking by an officer of the State Patrol. He was thereupon taken to the sheriff's office where another officer required the defendant to remove personal items from his pockets and place them on a counter. Among the items removed were three clear plastic bags, one of which contained dog food for a puppy which was in the defendant's possession. In the other two bags, the officer observed a minute quantity of matter from which he detected the odor of marijuana. The laboratory technician testified that the "fine grindings" found in the two bags contained less than a gram of marijuana. He also described the quantity as "a trace amount."

The defendant testified that he had no knowledge that the two bags contained anything. In his testimony, he stated that at the time of his arrest, he was wearing a jacket which he had borrowed from a friend and that he had found the three bags in one of the pockets. Before leaving on his hitchhiking travels, he had placed dog food in one of the bags, a sandwich in the second bag, and intended to use the third bag for additional dog food which he might acquire along the way.

This record fails to reveal any testimony or other evidence establishing the necessary element of knowledgeable possession of marijuana. Nor was there presented any circumstantial evidence from which a jury could logically and reasonably infer that the defendant knew at the time of his arrest that he was in possession of any marijuana.

On numerous occasions, this court has stressed the requirement that there must be some evidence which either directly or indirectly shows that the person charged with possession of marijuana did, in fact, have knowledge that he was in possession of marijuana before a conviction may be upheld. Two recent cases in which this basic rule of law is discussed are *People v. Larsen,* 180 Colo. 140, 503 P.2d 343 (1972) and *Ramsey v. People,* 179 Colo. 172, 498 P.2d 1148 (1972).

There are some narcotic drug possession cases where the direct evidence of possession also is a basis for a reasonable inference that the accused knew that the substance found in his possession was a narcotic drug. In such cases, once the possession of at least a usable quantity is established, the knowledge of the presence and nature of the substance may be inferred. *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970). However, evidence that the accused possessed only a minute quantity of a substance shown to be marijuana, and nothing more, does not formulate any basis for an inference that the defendant knew he possessed marijuana. Where the quantity involved is so minute that it amounts to only a trace, there is no basis, from that fact alone, for any logical or reasonable inference that the defendant had knowledgeable possession.

Where traces and unusable amounts of narcotics have been found in the possession of an accused, other states have reversed convictions under fact situations similar to this case. In *State v. Dempsey,* 22 Ohio St. 2d 219, 259 N.E. 2d 745 (1970), the Ohio Supreme Court concluded that

"The only narcotic drug found in this case was a few minute particles which were mixed among the lint and debris of a jacket pocket. The proven fact of physical possession, in this

instance, does not have a sufficient rational connection to the presumed fact that Dempsey *knew* that he possessed the particles to permit the use of a presumption as a substitute for proof of knowledgeable possession of a narcotic beyond a reasonable doubt. Common experience does not tend to indicate that one knows what is in the linty debris of his pockets. It is just as likely, if not more so, that one has no idea what is hidden there."

In a later case of *State v. Brehm,* 27 Ohio St. 2d 239, 272 N.E. 2d 122 (1971), the Ohio Supreme Court reaffirmed the above statements it made in *Dempsey* in another fact situation quite similar to the facts before us in this case.

The Supreme Court of California in many decisions has reached the same result as we do here where the accused has been found in possession of a minute quantity of a narcotic drug. *People v. Leal,* 64 Cal. 2d 504, 413 P.2d 665, 50 Cal. Rptr. 777 (1966) illustrates the California precedent in this type of possession case.

In *People v. Fein,* 4 Cal. 3d 747, 484 P.2d 583, 94 Cal. Rptr. 607 (1971), it was announced that it was a well established precedent that evidence of useless traces or residue of narcotic substances is insufficient to sustain a conviction for possession of narcotics.

The evidence in the instant case lacks the sufficiency to sustain the defendant's conviction of possession of marijuana.

The judgment of the trial court is reversed and the cause is remanded with directions to grant the defendant's motion for judgment of acquittal.