The PEOPLE of the State of Colorado, Petitioner,

v.

Alicia CEJA, Respondent.

No. 94SC393.

Supreme Court of Colorado, En Banc.

Nov. 6, 1995.

Rehearing Denied Nov. 28, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, for the Petitioner.

David F. Vela, Colorado State Public Defender, Karen Mahlman Gerash, Deputy State Public Defender, Denver, for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

We granted certiorari to determine whether the court of appeals erred by holding that the prosecution must prove that a defendant knowingly possessed a "usable quantity" to obtain a conviction for possession of cocaine. *People v. Ceja*, No. 92CA1768 (Colo.App. May 5, 1994) (not selected for publication). We hold that section 18–18–105(1)(a), 8B C.R.S. (1986) does not require the prosecution to prove that the defendant possessed a usable quantity of cocaine. Rather, the prosecution must prove that the defendant knowingly possessed some quantity of controlled substance. Possession of a usable quantity may be viewed as some evidence that the defendant did so knowingly.

Because we conclude that the amount of cocaine is only one factor in considering whether the essential element of knowledge has been proven and because we find sufficient additional evidence in the record from which the jury could infer knowledge, we reverse the judgment of the court of appeals and remand with instructions to reinstate the judgment of conviction.

## I.

On October 23, 1991, an Arvada police officer stopped a vehicle for running a stop sign. The car had two adult occupants; Alicia Ceja, the defendant, was in the front passenger seat. The police officer requested the driver to show her license, registration and proof of insurance. During this procedure, the officer saw a fanny pack on the passenger side floor resting against Ceja's left ankle. Because the car was not registered to the driver, the officer asked Ceja for her identification, which she was unable to produce. The officer asked Ceja to step out of the car. Ceja complied and responded to the officer's request for her name. She also told him that her purse was missing, and that she had a pink address book that had been lost in the car.

The officer returned to the car and saw a pink address book and items he recognized as possible LSD blotters in an open fanny pack on the floor of the car. Ceja denied ownership of the fanny pack and the address book. The officer examined the address book and found Alicia Ceja's name written in the front cover under "identification". The officer then arrested Ceja.

In addition to the address book and LSD blotters, the officer ultimately recovered other items from the fanny pack: a scale kit and pen casing, squares of LSD, and numerous other items of drug paraphernalia including tweezers with burnt ends, a bent spoon with discoloration on the bottom, three lighters, a razor blade and 15 empty plastic baggies. A pager and a plastic baggie containing a white powdery substance which was determined not to be a controlled substance were also later found on Ceja's person.

At trial, the driver of the car testified that the fanny pack belonged to Ceja, and that

Ceja had removed items from it during the time the driver had been with her. A forensic chemist testified that there was a "usable quantity" of cocaine on the scale and pen casing. She qualified her testimony on cross examination to refer to a usable quantity for purposes of testing. The trial judge denied Ceja's motion for judgment of acquittal on the cocaine charge, finding that there was evidence from which the jury could find that Ceja possessed a usable quantity. The trial court instructed the jury at Instruction No. 18 that:

> In order to establish knowing possession, the prosecution must establish that there was more than a mere trace or residue of a controlled substance. However, once the possession of at least a usable quantity of controlled substance is established, the knowledge of the presence and nature of the substance may be inferred.[1]

The jury found Ceja guilty of possession of LSD, possession of drug paraphernalia, and possession of cocaine. Judgment of conviction was entered on all three counts. Ceja was sentenced to probation for a term of four years on counts one and three, in addition to costs, fees, a surcharge of $2,000,[2] and six months in the county jail suspended on the condition of successful completion of probation.

The court of appeals affirmed Ceja's convictions for possession of LSD and drug paraphernalia, but reversed her conviction for possession of cocaine, finding that the prosecution had failed to prove that Ceja possessed a "usable quantity" of the substance.

## II.

Ceja was convicted of possession of cocaine under section 18–18–105(1)(a), 8B C.R.S. (1986)[3], which provided:

---

**1.** The instruction was not a stock criminal jury instruction, but was taken from *People v. Theel,* 180 Colo. 348, 505 P.2d 964 (1973). The stock instruction makes no reference to usable quantity. *See* CJI–Crim. 36:02. Neither party has raised an issue in this proceeding regarding the appropriateness of the instruction as given. Further, there is some evidence in the record from which the jury could have found that Ceja possessed a usable quantity. Thus, even within the

framework established by Instruction No. 18, the conviction can be supported by the record.

**2.** § 18–19–103(1), 8B C.R.S. (1995 Supp.).

**3.** In 1992, the General Assembly repealed and reenacted title 18, article 18, C.R.S. The section replacing § 18–18–105(1)(a), 8B C.R.S. (1986), is § 18–18–405(1)(a), 8B C.R.S. (1995 Supp.), which contains substantially the same language

Except as authorized by part 3 of article 22 of title 12, C.R.S., it is unlawful for any person knowingly or intentionally ... to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance....

Ceja argues that the evidence presented at trial was insufficient to support a conviction for possession of cocaine: specifically, that no inference of knowledge can be drawn from possession of a residue of cocaine and that there was no other evidence from which that inference could reasonably have been drawn. We disagree.

The statute makes no reference to a usable quantity, but instead punishes the knowing possession of *any quantity* of a controlled substance. When the language of a statute is clear, it must be applied as written. *Charnes v. Lobato,* 743 P.2d 27, 30 (Colo.1987). From the plain language of the statute, it is clear that the legislature did not intend to criminalize only knowing possession of a usable amount of a controlled substance; they intended to criminalize knowing possession of any amount.

The case law in this area has evolved with reference to the mental state element of the crime and the evidence necessary to prove such mental state. The cases have turned not on the quantity of substance found but rather on the knowing possession of that substance. Although earlier versions of the statute did not contain language requiring knowing possession, Colorado courts have consistently inferred such a mental state requirement. *See People v. Theel,* 180 Colo. 348, 350, 505 P.2d 964, 965 (1973) (holding that the record failed to establish the necessary element of knowledgeable possession); *People v. Larsen,* 180 Colo. 140, 142, 503 P.2d 343, 345 (1972) (holding that prosecution must show evidence which either directly or indirectly shows that the accused had knowledge before arrest that the package contained marijuana); *People v. Hankin,* 179 Colo. 70, 73, 498 P.2d 1116, 1118 (1972) (knowing possession is the critical element to be proven by the prosecution where defendant was arrested after picking up package addressed to himself containing marijuana); *Moore v. People,* 171 Colo. 338, 346, 467 P.2d 50, 54 (1970) (defining possession as including knowing dominion or control of the drug); *Duran v. People,* 145 Colo. 563, 566, 360 P.2d 132, 133–34 (1961) (finding jury instruction describing possession as "actual, physical, immediate and knowing dominion or control" had adequately and correctly advised jury as to the full legal meaning of the word "possession"). The General Assembly incorporated the knowing possession requirement into the statute in 1981.[4]

We have interpreted the earlier versions of section 18–18–105(1)(a) as not requiring a usable quantity of a controlled substance for conviction where other evidence supported knowing possession.[5] *See Zamora v. People,* 175 Colo. 340, 345, 487 P.2d 1116, 1118–19 (1971) (sustaining conviction of possession based on residue of partially burned marijuana in pipe); *Fagin v. People,* 174 Colo. 540, 542, 484 P.2d 1216, 1217 (1971) (affirming instruction that the statute prohibits the possession of any amount of marijuana and upholding conviction based on marijuana debris in pocket, partially smoked marijuana cigarette, and sixteen marijuana cigarettes suspected to have been abandoned by defendants); *Casias v. People,* 160 Colo. 152, 156, 159, 415 P.2d 344, 346–47 (rejecting argument that the narcotic substance was of such minute quantity that conviction could not stand and upholding conviction based on liquid residue on eyedropper and burnt spoon), *cert. denied,* 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966) (superseded by statute on other grounds as stated in *People v. Gillings,* 39 Colo.App. 387, 391, 568 P.2d 92, 95 (1977)); *Mickens v. People,* 148 Colo. 237, 239–40, 365 P.2d 679, 680 (1961) (rejecting defendant's contention that marijuana particles in pocket were not in his possession because they were

with regard to knowing possession of a controlled substance.

**4.** Ch. 128, sec. 2, § 18–18–105, 1981 Colo. Sess. Laws 707, 730.

**5.** The earlier enactments of § 18–18–105(1)(a), 8B C.R.S. (1986), are found in § 12–22–302, 5 C.R.S. (1973), § 48–5–2, 3 C.R.S. (1963), and § 48–5–2, 3 C.R.S. (1953). Aside from the requirement of knowledge, they contain substantially similar language.

so minute as to be incapable of use and upholding conviction based on the particles and two marijuana cigarettes found in hotel room); *Duran v. People*, 145 Colo. 563, 565, 360 P.2d 132, 133 ·(1961) (holding 50 milligrams of controlled substance found in debris of defendant's pocket sufficient to establish knowing possession and upholding conviction based on the debris, defendant's "groggy" condition, and two marijuana cigarettes found in car).

In this case, the court of appeals read our prior cases as requiring proof of a usable quantity of the substance as a necessary element of the crime and concluded that there was insufficient evidence from which the jury could find usable quantity. It held that the principle stated in the *Theel* case precluded conviction of Ceja for possession of cocaine.

In *Theel*, the police recovered three plastic baggies from the pocket of the defendant's jacket. Two of them contained traces of marijuana, and the other contained dog food. Theel testified that he had borrowed the jacket from a friend; that he had found three empty baggies in the pocket, that he had placed dog food in one and a sandwich in the other, and had kept the third for later. We found that the minute quantity of marijuana in the baggies was insufficient to establish knowing possession of a controlled substance, and that there was no other evidence from which knowledge could be inferred. *Theel*, 505 P.2d at 965.

■ *Theel* does not hold that usable quantity is an element of the crime, but rather is consistent with our prior cases in holding that, where the amount of contraband is less than a usable quantity, other evidence may be necessary to establish knowing possession. A usable quantity of contraband is not · by itself an element of the crime; knowing possession is. Possession of a usable quantity is evidence of a knowing possession. Absent a usable quantity, the prosecution must present other evidence from which a jury can reasonably infer knowledge.

### III.

■ Here, the jury was permitted to infer that Ceja knew she was in possession of cocaine from evidence other than the amount of cocaine on the pen casing and on the scale. Specifically, the prosecution introduced evidence that Ceja owned the fanny pack in which the cocaine was found, that she was in possession of numerous items of drug paraphernalia, and that she acted in an evasive manner when confronted by the police officer. We find· that this evidence, when viewed in the context of the cocaine residue on the pen casing and scale kit, was enough to support the jury's finding that Ceja knowingly possessed cocaine. We therefore reverse and remand this case to the court of appeals with directions to reinstate the judgment of conviction and sentence imposed on Alicia Ceja by the district court for possession of cocaine.