**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lewis P. RICHARDSON, Defendant–Appellant.**

**No. 99CA0001.**

Colorado Court of Appeals, Div. A.

March 16, 2000.

Certiorari Granted Sept. 5, 2000.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Gregory R. Stross, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.*

Defendant, Lewis P. Richardson, appeals the judgment of conviction entered upon a jury verdict finding him guilty of unlawful possession of a controlled substance (methamphetamine), in violation of § 18–18–405(1)(a), C.R.S.1999. We affirm.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

Defendant appeared in court in connection with an unrelated case and was remanded into custody. As he was being taken from the courtroom, defendant asked the deputy sheriff whether the money in his possession would be credited toward his prisoner account at the jail. The deputy sheriff replied that it would.

At the jail, a second deputy sheriff removed a wallet from defendant's pocket. Although the wallet contained cash and numerous identification documents belonging to defendant, defendant stated that the wallet did not belong to him. The deputy searched the wallet and discovered a plastic baggie inside a change pocket of the wallet. The baggie contained a visible amount of a white powdery substance. Subsequent testing revealed that the substance was eight one-hundredths of a gram of methamphetamine.

I.

Defendant first argues that the trial court erred by refusing to give the jury a "usable quantity" instruction. We disagree.

In *People v. Ceja*, 904 P.2d 1308 (Colo. 1995), our supreme court held that the offense of unlawful possession of a controlled substance does not require the prosecution to prove that the defendant possessed a "usable quantity" of that substance. The supreme court explained that the prosecution need prove only that the defendant knowingly and unlawfully possessed some quantity of a controlled substance.

The existence of a usable quantity of a drug is significant only to the extent that evidence of possession of such a quantity (as distinguished from possession of only a trace amount) could, without more, lead to a reasonable inference that the possessor of such a quantity was aware of that possession.

■ On the other hand, if the amount of the drug found in the accused's possession is so small that its existence might be overlooked, *i.e.*, if it is less than a "usable" amount, mere possession of such a quantity cannot lead to a reasonable inference that the possessor was aware of it. In such a case, therefore, the prosecution must present some other evidence to demonstrate that the accused's possession was a knowing possession. *People v. Theel*, 180 Colo. 348, 505 P.2d 964 (1973).

■ This latter rule, however, is simply one to be applied by the trial court in assessing the legal sufficiency of the prosecution's evidence. And, if that court concludes either that the amount of the drug possessed could itself have made its existence reasonably obvious, *i.e.*, if it was a usable quantity, or if there is other evidence which, if believed, could reasonably lead to the inference that the accused knowingly possessed the drug (irrespective of the amount), the question whether the accused did, in fact, have knowledge of the drug is one for the jury.

■ Here, the prosecution's proof of defendant's knowing possession was not based upon the amount of the methamphetamine discovered. Rather, there was other evidence tending to establish defendant's knowledge of that possession. The methamphetamine was packaged in a manner to preserve it, and it was located in a wallet containing several documents identifying defendant. In addition, while defendant initially claimed ownership of the cash in the wallet, he later disclaimed ownership of the wallet when he realized it was to be searched. A reasonable fact finder could infer that his later denial was motivated by his guilty knowledge of the existence of the drug within the wallet.

Applying the principles established by *Ceja* and *Theel*, the trial court here concluded that this evidence was sufficient to allow the jury to consider the question of defendant's guilt. In doing so, the court properly instructed the jurors on all the elements of the offense, and in addition, it instructed them that:

A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly" with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

"Possession" does not necessarily mean ownership, but does mean the actual, physical possession, or the immediate and knowing dominion or control over the object or the thing allegedly possessed. "Possession" need not be exclusive, provided that each possessor, should there be more than one, actually knew of the presence of the object, or thing possessed, and exercised actual physical control or immediate, knowing dominion or control over it.

The court also told the jurors that: "It is [defendant's] theory of the case that he did not know there was drug residue in his wallet."

Nevertheless, defendant requested that the jurors also be told that: "Unless there is evidence that [defendant] possessed a usable quantity of methamphetamine, the prosecution must present other evidence from which a jury can reasonably infer knowledge."

However, while defendant's requested instruction was a proper statement of the law, it stated the standard for assessing the *legal sufficiency* of the prosecution's evidence. This standard is to be applied only by the court; it is not one to be applied by a jury in assessing the *weight* of that evidence. Hence, had the court instructed as defendant requested, it would have allowed the jury to pass upon a question that rests within the sole province of the judiciary. *See Bar 70 Enterprises, Inc. v. Tosco Corp.* 703 P.2d 1297 (Colo.1985) (it is court's sole and independent responsibility to determine legal sufficiency of evidence; it cannot be bound by parties' stipulation upon that subject).

### II.

■ For similar reasons, we also reject defendant's assertion that the court erred in refusing to authorize him to employ, at state expense, an expert to testify with respect to whether the amount of methamphetamine seized was of a "usable" amount. He sought such testimony to establish that such amount was not "of the quantity necessary to become intoxicated."

As we have noted, the significance of the amount of a drug possessed lies only in its relevance upon the question of the possessor's knowledge of its existence. Given this consideration, it would seem that it is the degree to which the amount in question is readily noticeable, rather than its ability to "intoxicate," that is important. And, upon this question, it is the ability of a reasonable lay person to perceive, and not the opinion of an expert, that is the standard to be applied by the court in passing upon the question of the legal sufficiency of the prosecution's evidence.

Further, at trial, two witnesses testified that the wallet had been given to defendant by a friend. In closing argument, defendant's counsel asserted that it was likely that defendant had put his identification papers in the wallet without ever opening the change pocket. Given this hypothesis, proof that the methamphetamine was not of a usable quantity would not have been relevant to the defense's theory that defendant was unaware that the plastic baggie was in the wallet.

■ Under § 18–2–403, C.R.S.1999, an indigent defendant is entitled to legal representation and to supporting services at state expense. However, an indigent defendant's motion seeking court approval of funds to pay for supporting services must demonstrate a particularized and reasonable need for the services and the unavailability of alternative means to fulfill those necessary functions. A trial court's ruling denying such a motion will be reversed on appeal only if the trial court has abused its discretion or acted in a manifestly arbitrary, unreasonable, or unfair manner. *People v. Garcia,* 981 P.2d 214 (Colo.App.1998).

Given the record made here, we cannot conclude that the trial court committed any such improper actions.

The judgment is affirmed.

Judge JONES and Judge KIRSHBAUM ** concur.

** Sitting by assignment of the Chief Justice under

provisions of the Colo. Const. art. VI, Sec. 5(3),