Lewis P. RICHARDSON, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 00SC353.

Supreme Court of Colorado, En Banc.

June 11, 2001.

Justice BENDER delivered the Opinion of the Court.

Defendant, Lewis Richardson, was convicted of the crime of possession of a controlled substance.[1] He appealed his conviction, contending that since the controlled substance in his possession was less than a usable quantity, the People were required to produce other evidence from which the jury could conclude that he knowingly possessed the substance, and that he was entitled to a jury instruction to that effect. The trial court made findings that the People produced sufficient other evidence to prove knowledge,[2] and declined to give the tendered jury instruction. The court of appeals affirmed. *People v. Richardson,* 8 P.3d 562 (Colo.App.2000).

We have previously addressed a variation of this issue in *People v. Theel,* 180 Colo. 348, 505 P.2d 964 (1973), and *People v. Ceja,* 904 P.2d 1308 (Colo.1995), and we reaffirm those cases. Specifically, we now hold that if the amount of controlled substance that the defendant allegedly possessed is less than a usable quantity, then the People must produce other evidence supporting an inference that the defendant knew he possessed the substance; the determination of whether the evidence is sufficient to go to the jury on the question of knowing possession is a determination for the trial court to make, and the defendant is not entitled to a jury instruction on that point. Accordingly, we affirm the court of appeals.

## I. FACTS AND PROCEDURAL HISTORY

This case arose when the defendant appeared in court in connection with an unrelated case and was remanded to custody. At the jail, the defendant's property was taken from him, including a wallet which was in his right rear pants pocket. When he handed the wallet over to the deputy sheriff, he stated that it was not his. This statement struck the sheriff as odd, so she carefully

Gregory R. Stross, Denver, CO, Attorney for Petitioner.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, CO, Attorneys for the Respondent.

1. § 18–18–405(1), 6 C.R.S. (2000).

2. We note that, in this context, we use the word "knowledge" to refer to the culpable mental state "knowingly." *See Griego v. People,* 19 P.3d 1, 6 (Colo.2001).

examined the wallet. She found identification cards belonging to the defendant in the wallet and in a coin pouch in the wallet she found a plastic baggie. The baggie contained a tan powder that was later confirmed to contain 0.08 grams (0.002822 ounces) of methamphetamine.

The defendant was charged with possession of a controlled substance in violation of section 18–18–405(1).[3] The jury instructions defined the elements of this crime as (1) that the defendant (2) in the State of Colorado, at or about the date and place charged (3) knowingly (4) possessed (5) the controlled substance, Methamphetamine. The defendant did not contest the other elements. As defense counsel stated in opening arguments, and reiterated in closing arguments, the only factual issue in the case was whether the defendant knew that he possessed the small amount of methamphetamine in the wallet: "The only thing that you [the jury] have to really decide here ... is whether [the defendant] knew ... those drugs were in his wallet."

After the People rested, the defendant moved for a judgment of acquittal on the grounds that the People offered no evidence proving the required element of knowledge. In support of his argument, the defendant cited *Ceja* for the proposition that "unless there is evidence that there was possession of a usable amount of methamphetamine or any drug, then the prosecution has to present other evidence by which a jury might reasonably infer knowledge" and argued that the prosecution had presented no such evidence. The prosecution disputed the defendant's assertion that the amount of methamphetamine in this case was not a useable amount but argued in the alternative that the People had presented other evidence from which a jury could reasonably infer that the defendant knowingly possessed the methamphetamine in the wallet he handed to the officer. Without determining whether the amount of methamphetamine was a useable amount, the trial court found that, even if it were not, "there is sufficient evidence presented here

to show that a reasonable juror could find that this defendant was knowingly in possession of this substance." The court therefore denied the motion for acquittal.

After the close of evidence, the defendant tendered a jury instruction which read: "Unless there is evidence that [the defendant] possessed a usable quantity of methamphetamine, the prosecution must present other evidence from which a jury can reasonably infer knowledge." The prosecution objected to giving this instruction, arguing that while this statement of law was applicable to a court's analysis of the sufficiency of the evidence presented, possession of a usable amount was not an element of the crime of possession and did not constitute a legal rule of construction about which a jury should be instructed.

The trial court denied the defendant's tendered instruction. The court reasoned that the *Ceja* "useable quantity" standard applies only to the question of whether there is sufficient evidence to maintain a prosecution and noted that in ruling on the defendant's motion for acquittal the court had already made such a finding.

> As I understand the *Ceja* case it simply requires that before the state succeeds in a prosecution for possession of various small amounts that they must show evidence [from which] a jury can reasonably infer knowledge. And in this case there is evidence from which a jury could infer knowledge and that evidence was that these drugs are packaged in a way that makes it obvious that they are a substance that someone is preserving, it is visible within the package, and it is located within a wallet that the defendant acknowledges was his, at least that's what the evidence shows.

Jury instruction No. 13 read: "It is the defendant's theory of the case that he did not know there was drug residue in his wallet." The defendant did not object to this instruction. The jury found the defendant guilty. The defendant appealed.

---

**3.** That section makes it a crime to "knowingly ... possess ... a controlled substance." § 18–1– 405(1)(a).

On appeal, the defendant argued, *inter alia*, that the trial court erred by refusing to give the jury his "usable quantity" instruction. *Richardson*, 8 P.3d at 564. The court of appeals disagreed. That court held that the rule in *Ceja*—that if the amount of drug is less than a useable quantity the prosecution must present evidence other than possession to demonstrate knowledge—is a rule to be applied by the trial court for the purpose of assessing the legal sufficiency of the prosecution's evidence, and is not a factual matter to be determined by the jury. *Id.* Thus, the court of appeals reasoned that while defendant's requested instruction properly stated the law, this statement was not appropriate for a jury instruction. *Id.* at 565. Hence, the court of appeals held that the trial court did not err by refusing to give this instruction. *Id.*

We granted certiorari to review the court of appeals' conclusion that the trial court did not err by refusing to instruct the jury on the *Ceja* "usable quantity" standard.[4] We now affirm.

## II. ANALYSIS

The defendant urges two bases for reversal. First, he argues that there is an inference under existing Colorado law that a defendant did not knowingly possess a drug when there is evidence that the quantity of the drug was less than a usable amount. To overcome this inference, maintains the defendant, the prosecution must present evidence distinct from the fact of possession from which the jury can find that the defendant possessed the drug knowingly. Failure to instruct the jury on this point constitutes reversible error. The defendant's second basis for reversal is that the trial court erred when it refused his tendered usable quantity instruction. We address each argument in turn but are not persuaded by either position.

### A. Inference

■ We begin our analysis by reviewing, as a background for our discussion, the history of the "usable quantity" standard in our caselaw.

In *People v. Theel*, 180 Colo. 348, 505 P.2d 964 (1973) the defendant was arrested for hitchhiking. Police recovered three baggies from the pocket of a jacket the defendant was wearing. One bag contained dog food for a puppy in the defendant's possession. *Id.* at 349, 505 P.2d at 965. The other bags were empty but contained trace amounts of marijuana. *Id.* The defendant testified that he had no knowledge that the two empty baggies contained anything. He claimed that he borrowed the jacket from a friend, and, upon finding the three bags in one of the jacket's pockets, placed dog food for his puppy in one bag, a sandwich for his own consumption in the second, and saved the third bag for later use. *Id.* The People presented no evidence to suggest that the defendant possessed the marijuana residue in the two bags knowingly. *Id.* at 350, 505 P.2d at 965.

We reasoned that "evidence that the accused possessed only a minute quantity of a substance shown to be marijuana, and nothing more, does not formulate any basis for an inference that the defendant knew he possessed marijuana," and we concluded that "[w]here the quantity [of a drug] is so minute that it amounts to only a trace, there is no basis, from that fact alone, for any logical or reasonable inference that the defendant had knowledgeable possession." *Id.* at 350, 505 P.2d at 965–66. Thus, we held that there was insufficient evidence to sustain the defendant's conviction and remanded the case with directions to grant the defendant's motion for judgment of acquittal. *Id.* at 351, 505 P.2d at 966.

In *People v. Ceja*, 904 P.2d 1308 (Colo. 1995), a police officer stopped a vehicle for running a stop sign. *Id.* at 1309. The officer asked the defendant, who was sitting in the front passenger seat, to produce identification. *Id.* She had none on her person. *Id.* She did, however, tell the officer that her purse was missing and that she had a pink address book which had been lost earlier in

---

4. The precise issue on which we granted certiorari was: "Whether the court of appeals erred by failing to address the necessity of balancing defendant's theory of defense instruction with the statement of the law concerning proof of a usable quantity of methamphetamine?"

the car. *Id.* The officer found a pink address book, along with drugs and drug paraphernalia, in a fanny pack on the floor of the car. *Id.*

The defendant appealed her conviction of various charges and the court of appeals, relying on *Theel,* reasoned that possession of a usable quantity was a necessary element of the crime of possession of cocaine and reversed Ceja's conviction. *Id.* at 1309, 1311. We, in turn, reversed the court of appeals and reinstated the judgment of conviction. We reasoned that *"Theel* does not hold that usable quantity is an element of the crime, but rather ... that, where the amount of contraband is less than a usable quantity, other evidence may be necessary to establish knowing possession." *Id.* at 1311. We noted that "[a] usable quantity of contraband is not by itself an element of the crime; knowing possession is. Possession of a usable quantity is evidence of knowing possession." *Id.*

Relying on this language, the defendant argues that, just as possession of a usable quantity is evidence of knowing possession, so too the obverse must be true—that is, the absence of a usable quantity constitutes evidence of unknowing possession. Hence, his proposed jury instruction.

■ We disagree with this reasoning. Under our caselaw, the absence of a usable quantity does not constitute evidence that the defendant did not know that he possessed the drug. Rather, evidence of a usable quantity alone is sufficient evidence of knowledge to permit the case to go to a jury. In situations where there is not evidence of a usable quantity, the People must present other evidence regarding the defendant's knowledge to justify the jury's consideration of that element. *Ceja,* 904 P.2d at 1311; *see Romero v. People,* 181 Colo. 305, 308, 509 P.2d 301, 302 (1973). Hence, we reject the defendant's argument that evidence of less than a usable amount creates an inference against knowing possession by the defendant.

### B. Theory of Defense Instruction

■ The defendant argues that his tendered usable quantity instruction contained his theory of defense and was his theory of

defense. Thus, he argues that denial of this theory of defense instruction constitutes reversible error. In support of his position, he argues that "an instruction embodying a defendant's theory of the case *must be given* by the trial court if the record contains any evidence to support the theory." *People v. Nunez,* 841 P.2d 261, 264 (Colo.1992) (emphasis in original). He points out that "a trial court has an affirmative obligation to cooperate with counsel to either correct the tendered theory of the case instruction or to incorporate the substance of such in an instruction drafted by the court." *Id.* at 265.

■ As we have explained, possession of a usable quantity is not an element of the crime of possession; rather, knowing possession is. *Ceja,* 904 P.2d at 1311. In a possession case, a jury may return a verdict of guilty if it finds, beyond a reasonable doubt, that the defendant knowingly possessed *any* quantity of a controlled substance. *See id.* at 1310. Thus, that the amount possessed by the defendant was less than a usable quantity is not a defense to the charge of possession under section 18–18–405(1). On the other hand, because knowledge of possession is an element of the crime of possession, if the prosecution fails to prove that the defendant knew he possessed the drug (whatever its amount), then the defendant's lack of knowledge of possession is a defense, and, of course, the jury must be so instructed.

The record in this case reveals that lack of knowledge, not lack of a usable quantity, was the defendant's theory of defense. Knowledge, as defense counsel admitted at trial, was the only element of the crime the defendant contested. From opening statements to closing arguments, the trial revolved around the question of knowledge.

■ The trial court therefore instructed the jury that the defendant's theory of defense was that the prosecution failed to prove that he possessed the drug knowingly. Jury instruction No. 13 read: "It is the defendant's theory of the case that he did not know there was drug residue in his wallet."

Thus, because the usable quantity instruction was not a theory of defense instruction, and because the trial court did instruct the jury on the defendant's theory of defense, that is, lack of knowledge, we hold that it was not error for the trial court to refuse his tendered usable quantity instruction.

### III.   DISPOSITION

We therefore affirm the judgment of the court of appeals.