The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Brenda WILEY, Defendant–Appellant.

No. 00CA0956.

Colorado Court of Appeals,
Div. IV.

Dec. 6, 2001.

Certiorari Denied June 24, 2002.

Ken Salazar, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Brenda Wiley, appeals from the judgment of conviction entered upon jury verdicts finding her guilty of unlawful possession of a schedule II controlled substance (methamphetamine), unlawful possession of less than one ounce of marihuana, and unlawful possession of drug paraphernalia. We affirm.

Defendant was arrested for a traffic offense, and numerous items of contraband were discovered in her purse.

## I.

Defendant first argues that the trial court erred by denying her motion to suppress evidence obtained as the result of the search of her purse. Specifically, defendant contends that she did not validly consent to the search or, alternatively, that the search exceeded the scope of any consent she

may have given. We are not persuaded by either contention.

■ If a person voluntarily consents to a search, police officers do not need to obtain a warrant. To introduce evidence obtained from that search, the prosecution has the burden of proving consent by clear and convincing evidence. *People v. Zamora,* 940 P.2d 939, 942 (Colo.App.1996).

■ In resolving this factual question, trial courts must look at the totality of the circumstances. Factors to consider include the age, education, and intelligence of the person consenting to the search. In addition, the duration and location of the search are relevant, as is the consenting person's state of mind. *People v. Zamora, supra; see also People v. Drake,* 785 P.2d 1257, 1265–66 (Colo.1990)(a person under arrest can validly consent to a search).

■ A consensual search may not legally exceed the scope of the consent supporting it. The standard for measuring the scope of a suspect's consent is objective reasonableness. The relevant question is what a reasonable person would have understood based on the exchange with the police officer. This is a factual question to be resolved by the trial court based upon the totality of the circumstances. *People v. Olivas,* 859 P.2d 211, 214 (Colo.1993).

Here, a police officer arrested defendant for driving under suspension. The officer informed defendant that her car would be impounded and asked whether she wanted her purse to remain in the car. Defendant said that she would prefer to have the officer bring it to the police station.

At the police station, defendant met with a second police officer. The officer advised defendant of her *Miranda* rights, and defendant orally waived them.

Defendant and the officer knew each other and spoke in a conversational manner for approximately one hour. Although three other officers were present, they did not participate in the discussion, and it appears that the room was large enough so that their presence was not intimidating. Defendant was allowed to smoke, and she appeared comfortable.

The officer asked defendant whether her purse contained any illegal items. Defendant stated that it did not. The officer then asked defendant for permission to search her purse. Defendant agreed.

The officer emptied the purse of its contents and found a marihuana pipe, some marihuana, a small plastic box with methamphetamine residue, a metal tube with methamphetamine residue, straws, razor blades, several lighters, and a glass pipe. Defendant admitted that the marihuana belonged to her. The officer asked defendant whether she used methamphetamine, and defendant admitted that she had used the drug in the past but claimed that she no longer did so.

After completing the search, the officer presented defendant with a "consent to search" form and a second form for the waiver of *Miranda* rights. Defendant signed both forms.

Under all of these circumstances, we conclude that the record supports the court's finding that defendant voluntarily consented to the search. Although defendant testified that she did not consent, it was the trial court's prerogative to resolve the conflict in the evidence based on its evaluation of the witnesses' credibility. Contrary to defendant's suggestion, the fact that the officer did not obtain defendant's written consent until after he had conducted the search does not establish coercion. *See People v. Drake, supra,* 785 P.2d at 1266 (voluntariness of defendant's oral consent to the search at the scene of his arrest was supported by evidence showing that he consented again in writing after the search was completed).

We further conclude that a reasonable person in defendant's position would have understood that granting the officer consent to search the purse for "illegal items" also authorized him to search all containers found inside the purse. *See People v. Troudt,* 5 P.3d 349, 351 (Colo.App.1999)(relying on *State v. Plante,* 134 N.H. 585, 594 A.2d 165 (1991), in which the court held that the scope of consent was not exceeded where the defendant consented to a search of her purse

and the officer searched a small throat lozenge container found within the purse).

## II.

Defendant argues that the trial court should have suppressed all evidence of her postarrest statements because those statements were the result of the unlawful search of her purse. We reject this argument because we have concluded that the search was lawful. *See Colorado v. Spring,* 479 U.S. 564, 571, 107 S.Ct. 851, 856, 93 L.Ed.2d 954, 964 (1987)(a confession cannot be "fruit of the poisonous tree" if the tree itself is not poisonous).

## III.

Defendant also argues that the police officer's testimony describing defendant's oral waiver of *Miranda* rights before the interview was unreliable because the officer admitted that defendant did not sign the written waiver until some unspecified time after the interview had already occurred. We conclude the record supports the trial court's finding that the officer's explanation for his actions was credible. *See People v. Blankenship,* 30 P.3d 698, 703 (Colo.App.2000)(trial court's findings as to factual aspects of a *Miranda* waiver are entitled to deference and will not be overturned if supported by competent evidence). In addition, we uphold the trial court's finding, based on its consideration of the totality of circumstances, that defendant voluntarily, knowingly, and intelligently waived her rights as to silence, self-incrimination, and counsel. *See People v. Blankenship, supra.*

Alternatively, defendant contends her statements should have been suppressed because the police officer, upon finding the contraband in the purse, did not re-administer a *Miranda* advisement with specific reference to the possibility of drug charges being filed. We conclude no such re-advisement was required. *See Colorado v. Spring, supra,* 479 U.S. at 577, 107 S.Ct. at 859, 93 L.Ed.2d at 968 (1987)(a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily,

knowingly, and intelligently waived her Fifth Amendment privilege).

## IV.

Defendant next argues that the prosecutor violated her due process right to a fair trial by informing the jury of the trial court's suppression ruling. Although we agree that the prosecutor acted improperly, we conclude the error was harmless beyond a reasonable doubt.

A defendant's constitutional right to be free of unreasonable searches and seizures is improperly affected if the prosecution states before the jury that the defendant attempted to exercise that right by excluding evidence. *United States v. Thomas,* 93 F.3d 479, 487 (8th Cir.1996). However, prosecutorial misconduct does not require reversal if an appellate court is able to conclude that the error was harmless beyond a reasonable doubt. *People v. Dunlap,* 975 P.2d 723, 760–63 (Colo.1999)(misconduct in closing argument was harmless beyond a reasonable doubt).

Here, at the conclusion of the prosecution's case-in-chief the prosecutor asked the trial court, in the presence of the jury, to take judicial notice of the record and the fact that defendant's suppression motion had been denied. The trial court properly sustained defendant's objection to this request and instructed the jurors not to "consider counsel's statement concerning the suppression matter that was conducted by the trial court or any pretrial proceedings that were conducted by the court."

We must presume that the jury followed the trial court's admonition and ignored the prosecutor's improper remark. *See People v. Price,* 903 P.2d 1190, 1193 (Colo.App.1995)(absent a contrary showing, it is presumed that the jury understood and heeded the court's instruction to disregard evidence). For this reason and because the evidence of defendant's guilt in this case was compelling, we conclude the error was harmless beyond a reasonable doubt.

## V.

 Finally, defendant contends the trial court erred by refusing to instruct the jury that "[a]bsent a useable quantity of a [schedule II] controlled substance, the prosecution must present evidence from which the finder of fact can reasonably infer knowledge." We disagree.

 If the amount of controlled substance that the defendant allegedly possessed is less than a useable quantity, then the prosecution must produce other evidence supporting an inference that the defendant knowingly possessed the substance. The trial court determines whether the evidence is sufficient to go to the jury on this issue. However, the defendant is not entitled to a jury instruction on this issue. *Richardson v. People,* 25 P.3d 54, 55 (Colo.2001).

Here, the trial court found with record support that the evidence of defendant's knowing possession of the methamphetamine residue was sufficient to submit the case to the jury because defendant had numerous items of methamphetamine paraphernalia in her possession and she admitted having used methamphetamine in the past. Having made this determination, the court was not required to give a special instruction regarding the significance of a useable quantity. *See Richardson v. People, supra.*

The judgment is affirmed.

Judge DAVIDSON and Judge DAILEY concur.