**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Troy A. ANDERSON, Defendant–Appellant.**

**No. 00CA01031.**

Colorado Court of Appeals, Div. III.

April 25, 2002.

Certiorari Denied July 8, 2002.

Ken Salazar, Attorney General, Clemmie P. Engle, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Stefani Goldin, Loveland, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Troy A. Anderson, appeals the judgment of conviction entered upon jury verdicts finding him guilty of three counts of attempted second degree murder, two counts of attempted reckless manslaughter, nine counts of menacing, one count of criminal mischief, and one count of attempted escape. We affirm.

This appeal involves charges arising out of two separate incidents. In the first incident, defendant threatened two motel tenants with a handgun and then fired a number of shots at police officers who appeared upon the scene. In the second incident, defendant obtained a handgun while attempting to escape from a police transport bus and fired shots out of the bus windows at police. No one was injured in either incident.

Over defense counsel's objection, defendant entered a plea of not guilty by reason of insanity (NGRI). Nearly seven months later, counsel reported that, after contacting twelve experts, he was unable to produce any credible evidence in support of an insanity

defense. At counsel's request and over defendant's objection, the trial court vacated defendant's NGRI plea and entered, in its stead, a plea of not guilty.

At the conclusion of trial, the jury found defendant guilty of the crimes mentioned above. Subsequently, the trial court sentenced him to an aggregate term of seventy-five years incarceration.

## I.

■ On appeal, defendant challenges the constitutionality of §§ 16–8–106(2)(b) and 16–8–103.6, C.R.S.2001, two statutes concerning the admissibility of evidence in proceedings to determine a person's sanity or competency. We are not persuaded.

As other divisions of this court have done, we reject the assertion that § 16–8–106(2)(b) is unconstitutional. *See People v. Bielecki,* 964 P.2d 598, 602–03 (Colo.App.1998). *See also People v. Tally,* 7 P.3d 172, 182 (Colo.App.1999)(analyzing substantially identical provision).

And, because defendant did not raise the issue before the trial court, we decline to address his constitutional attack on § 16–8–103.6. *See People v. Boyd,* 30 P.3d 819, 820 (Colo.App.2001).

## II.

■ Next, defendant contends that he was improperly prevented from presenting an insanity defense by the time restriction imposed by the trial court on the disclosure of expert reports. We disagree.

Initially, we note that defendant may well have abandoned this objection by failing to press for a ruling after the trial court, at defense counsel's request, substituted the not guilty plea for the NGRI plea. *See People v. Ridenour,* 878 P.2d 23, 28 (Colo.App. 1994)("by not requesting a ruling on his motion to continue and by accepting the stipulation, [defendant] abandoned the motion and waived his right to assert error on appeal").

In any event, the record reveals that trial had been continued twice for a total of nearly seven months to allow defendant an opportunity to retain mental health experts. As of the date expert witness disclosures were due, defense counsel had contacted twelve experts, none of whom could support an NGRI defense. Given that the disclosures were due only twenty two days before trial, *see* Crim. P. 16(V)(b)(1) (ordinarily, defense must disclose experts' reports at least thirty days before trial), and that defense counsel neither indicated any likelihood that he could obtain expert testimony nor asked for any relief other than to change defendant's plea, we fail to perceive how the trial court abused its discretion with respect to the order challenged here. *See People v. Richardson,* 8 P.3d 562, 565 (Colo.App.2000)(court abuses discretion only if its action is manifestly arbitrary, unreasonable, or unfair), *aff'd,* 25 P.3d 54 (Colo.2001).

Consequently, reversal is not warranted on this ground.

## III.

■ Finally, defendant contends that the trial court erred in substituting a plea of not guilty for his NGRI plea. The court's action, defendant argues, denied him the right to present a defense and the right to the effective assistance of counsel. We disagree.

■ Ordinarily, a defendant who is competent to stand trial has the right to determine the nature of his or her defense and, correspondingly, what plea to enter. *See Hendricks v. People,* 10 P.3d 1231, 1242 (Colo.2000)(recognizing a defendant's autonomy in controlling the nature of defense); *People v. Curtis,* 681 P.2d 504, 511 (Colo.1984)(defendant's right to choose his or her plea is a fundamental constitutional right). *See also Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 993 (1983)(under the constitution, accused, not counsel, must decide "whether to plead guilty"); Colo. RPC 1.2(a) (accused, not counsel, decides plea to be entered in criminal case); ABA Standards for Criminal Justice: Prosecution Function and Defense Function § 4–5.2 (3d ed.1993)(accused, not counsel, decides "what pleas to enter").

However, the right to present and, of necessity, to determine the nature of a particular defense or plea is not absolute. *See*

*Hendricks v. People, supra,* 10 P.3d at 1233, 1241–44 (in appropriate circumstances, courts may impose NGRI plea and defense over defendant's objection).

For instance, these rights are not violated by refusing to submit to a jury a defense that is wholly unsupported by the evidence. *See People v. Hill,* 934 P.2d 821, 826 (Colo. 1997)("An affirmative defense does not become a matter for consideration by a jury until some quantum of evidence relevant to the affirmative defense is admitted."); *People v. Burton,* 48 Cal.3d 843, 856–57, 258 Cal.Rptr. 184, 771 P.2d 1270, 1278–79 (1989)(rejecting defendant's complaint of counsel's failure to put on a defense because "the record does not show that any defense he wished to present had credible evidentiary support"). *See also* H. Richard Uviller, *Calling the Shots: The Allocation of Choice Between the Accused and Counsel in the Defense of a Criminal Case,* 52 Rutgers L.Rev. 719, 729 (2000)(criminal defendants should not be permitted to determine the nature of defense where, among other things, the defense is "contrary to undisputed fact or utterly without support or merit").

■ In determining whether there was, as asserted by defendant but not by his counsel, evidence of an insanity defense to put before the jury, the trial court's responsibility was not to assess the credibility of witnesses or the weight of the evidence. Rather, its task was to determine simply if there was any evidence supporting a finding of insanity. *See People v. Hill, supra,* 934 P.2d at 830.

In Colorado, insanity is defined in terms of a person: (1) being so diseased or defective in mind at the time of the offense that the person was incapable of distinguishing right from wrong; or (2) suffering from a condition of mind caused by mental disease or defect that prevented the person from forming the requisite culpable mental state for a crime. Section 16–8–101.5, C.R.S.2001.

Here, defense counsel reported to the trial court that no credible evidence supported defendant's NGRI plea. Defendant insisted otherwise, pointing to proffered lay witness testimony, which, he said, would suffice under § 16–8–108, C.R.S.2001.

According to defendant's offer of proof: (1) family members would testify to his history of mental illness; (2) nurses, social workers, and inmates would testify to various behaviors they witnessed while he was in mental health and correctional facilities; and (3) a girlfriend would testify to his behavior immediately before the first incident. According to defendant, evidence of earlier mental illness and recent erratic behavior, combined with his own testimony, would support his theory that, because of his background, he was fearful of law enforcement and incarceration and thus shot at the police to scare them away.

Defendant's proffered evidence and the theory it supports did not support an insanity plea or defense. Defendant did not proffer any evidence that he was unable to distinguish right from wrong or to form the requisite intent because of a mental disease or defect. If anything, the proffered evidence and theory tended to show that he had an intent other than to kill or harm anyone, not that he was insane. Defense counsel presented this theory at trial, as supported by defendant's own testimony.

Because defendant's proffered evidence and theory did not support an insanity plea and defense, we conclude that he was not entitled to pursue or have counsel pursue them at trial. Consequently, under the circumstances, the trial court did not err in vacating defendant's NGRI plea.

We are aware that in *State v. Tenace,* 121 Ohio App.3d 702, 715, 700 N.E.2d 899, 908 (1997), an intermediate appellate court held that the trial court committed prejudicial error in permitting counsel to withdraw an NGRI plea over the defendant's objection because the defendant was deprived of the opportunity to present evidence of his chosen defense. However, in the present case, defendant was not deprived of an opportunity to present evidence of his insanity; he simply had no such evidence to present.

Accordingly, the judgment is affirmed.

Judge NEY and Judge ROY concur.