23CA0568 Peo v Garcia 10-16-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0568
City and County of Denver District Court No. 21CR3815
Honorable Nikea T. Bland, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cesar N. Garcia,

Defendant-Appellant.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 16, 2025

---

Philip J. Weiser, Attorney General, Gina M. Nykerk, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kevin M. Whitfield, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Cesar N. Garcia, appeals his convictions for possession of methamphetamine and possession of more than four grams of fentanyl.  We affirm the conviction for possession of methamphetamine, reverse the conviction for possession of more than four grams of fentanyl, and remand the case with directions to enter a conviction on a lesser included offense and resentence Garcia accordingly.

## I.    Background

¶ 2    In June of 2021, Garcia was parked at a gas station in a car that had no license plates.  Officers approached to investigate the lack of plates.  Eventually, the officers detained Garcia and searched his person, finding a glass pipe commonly used to smoke methamphetamine and a burnt straw commonly used to smoke fentanyl.  Officers also searched the car and found a baggie that contained eighty-nine pills that were either blue or green and some loose crystals.[1]  The officers arrested Garcia and sent the pills to a crime lab for testing.  The pills tested positive for fentanyl and the crystals tested positive for methamphetamine.

---

[1] Garcia doesn't appeal the propriety of either search.

¶ 3    Garcia was charged with one count of possession with intent to distribute for the fentanyl pills — a level 3 drug felony — and one count of possession of a controlled substance for the methamphetamine crystals — a level one drug misdemeanor.

¶ 4    At trial, Ron Masters — the forensic scientist who tested the pills and crystals — testified that the eighty-nine confiscated pills collectively weighed 9.466 grams and that each pill contained two ingredients: fentanyl and acetaminophen (i.e., Tylenol).  One of the jurors asked how much fentanyl was in each pill.  Masters estimated that each of the eighty-nine pills contained two milligrams of fentanyl or less.  Masters testified that the remaining mass of each pill was acetaminophen.

¶ 5    Notwithstanding this testimony, during closing argument, the prosecutor argued, "[T]he law requires that we consider [fentanyl] by weight and *there were 9.466 grams of fentanyl* in Mr. Garcia's possession at the time he was contacted."  (Emphasis added.)

¶ 6    The jury convicted Garcia of the lesser included offense of unlawful possession of more than four grams of fentanyl and possession of a controlled substance for the methamphetamine. The trial court sentenced Garcia to two years in the Department of

Corrections (DOC) for the possession of fentanyl conviction and one year of jail time for the possession of methamphetamine conviction, with the jail sentence to be served concurrently with the DOC sentence. This appeal followed.

## II. Issues on Appeal

¶ 7 Garcia argues that the evidence presented at trial wasn't sufficient to sustain his conviction for the lesser included offense of possession of more than four grams of fentanyl. Garcia also argues, in the alternative, that the prosecutor's comment regarding the total weight of the fentanyl during closing argument was misconduct. Finally, Garcia argues that the prosecution failed to prove that he knowingly possessed the methamphetamine. Because we agree with Garcia's first argument, we need not address his second argument, and we reject his third argument.

### A. Sufficiency of Evidence for the Fentanyl Charge

¶ 8 Garcia argues that Masters' testimony at trial — that each of the eighty-nine pills contained two milligrams or less of fentanyl — clearly limits the amount of fentanyl he possessed to a maximum of

0.178 grams total.[2]  He argues that, because the statute defining the offense required that the pills contained at least four grams of fentanyl, his conviction must be reversed.  We agree.

### 1.    Additional Facts

¶ 9    Masters testified at trial that, from a sample of twenty of the pills, each tested positive for fentanyl, leading him to conclude the rest of the pills would likely test positive for fentanyl as well:

> And because there were numerous pills there, I did a statistical sampling of the two populations of pills, the green ones and the blues ones . . . .  And using basic statistical methods, that gives me an idea that . . . there were no negatives in actually the [twenty] samples I tested, that gives me a [ninety-five] percent confidence that at least [seventy-five] percent of the remaining tablets would also test positive for [f]entanyl.

¶ 10    A moment later, Masters testified to the total weight of the pills:

> [THE PROSECUTOR]: So the green tablets weighed 7.194 [grams] and the blue tablets weighed 2.272?
>
> [MASTERS]: Yes, ma'am.

---

[2] Two milligrams per pill multiplied by eighty-nine pills equals 178 milligrams or 0.178 grams.

> [THE PROSECUTOR]: So the total weight was 9.466 grams of [f]entanyl?
>
> [MASTERS]: I can check that, but that sounds correct.

¶ 11    At the end of Masters' testimony, a juror submitted a question, which the court asked Masters:

> THE COURT: Mr. Masters, how much [f]entanyl was in the tablets?  What percent?
>
> . . . .
>
> MR. MASTERS: We do not quant [sic] for [f]entanyl.  If you want a ballpark figure, about [two] milligrams or less.
>
> THE COURT: Does it make up the majority?
>
> MR. MASTERS: No, it makes up — because [f]entanyl is such a very potent and powerful drug, it makes up very little of the volume and mass of the tablets as you see them.

### 2.    Standard of Review and Relevant Case Law

¶ 12    When a defendant challenges the sufficiency of the evidence, we review the record de novo to determine whether the evidence presented at trial was "sufficient in both quantity and quality to sustain [the] defendant's conviction." *McCoy v. People*, 2019 CO 44, ¶ 63.  We consider whether the relevant evidence, "when viewed as a whole and in the light most favorable to the prosecution, is

5

substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010)).

¶ 13    It is unlawful for any person to "knowingly . . . possess a controlled substance." § 18-18-403.5(1), C.R.S. 2025.  Possession of any material, compound, or mixture that contains more than four grams of fentanyl is a level 4 drug felony.  § 18-18-403.5(2)(a).  Possessing a material, compound, or mixture that contains up to four grams of fentanyl is a level 1 drug misdemeanor.  § 18-18-403.5(2)(c).

### 3.    Analysis

¶ 14    Garcia argues that, because Masters testified that there was, at most, two milligrams of fentanyl in each of the eight-nine confiscated tablets (i.e., less than 0.2 grams of fentanyl total), insufficient evidence supported his conviction for possession of more than four grams of fentanyl.  Pointing to the fact that Masters seemed to initially testify that the fentanyl contained in the pills confiscated from Garcia weighed 9.466 grams and that the actual wight of any component matter is statistically determined, the

6

People argue that the evidence presented at trial was substantial and sufficient to support a jury determination that Garcia possessed more than four grams of fentanyl beyond a reasonable doubt. We agree with Garcia.

¶ 15    To convict Garcia of the level 4 drug felony of unlawful possession of more than four grams of fentanyl, the jury had to conclude, beyond a reasonable doubt, that Garcia possessed "[a]ny material, compound, mixture, or preparation that contain[ed] . . . more than four grams of a controlled substance," namely fentanyl. § 18-18-403.5(2)(a). To put a finer point on it, the statute requires that the illegally possessed materials *contain* more than four grams of fentanyl, not simply that the total weight of the contraband exceeds four grams.

¶ 16    While it's true that at first, Masters responded affirmatively when the prosecutor asked him whether the "total weight" of fentanyl was 9.466 grams, he went on to testify that fentanyl constituted "very little of the volume and mass of the tablets," specifically less than 2 milligrams in each of the eighty-nine tablets (i.e., the eighty-nine pills contained at most a total of 0.178 grams of fentanyl). Notwithstanding the totality of this testimony, the

People argue that any "inconsistency" in Masters' testimony was for the jury to resolve. We reject the People's argument. This isn't a case where two different witnesses offered conflicting testimony that the jury had to sort out. Instead, this is a circumstance where a single witness's later testimony — that the pills contained at most 0.178 grams of fentanyl — *clarified* his earlier testimony that the pills' total weight was attributable to fentanyl. Simply put, with Masters' testimony there was no inconsistency for the jury to resolve. Masters' testimony clearly and unambiguously estimated that the total weight of the fentanyl in the pills was no higher than 0.178 grams.

¶ 17     At bottom, the totality of the evidence in the record, drawing all *reasonable* inferences in favor of the verdict, is insufficient to support the conclusion that Garcia possessed more than four grams of fentanyl. And it's not even close. To illustrate how far off the mark the evidence at trial was from supporting the verdict, Garcia would have had to possess more than twenty-five times the amount of fentanyl than Masters testified Garcia possessed. Illustrated differently, the evidence at trial doesn't support a finding that Garcia possessed more than 0.2 grams of fentanyl, much less

four grams. Accordingly, we must reverse Garcia's conviction for possession of more than four grams of fentanyl. Because we reverse Garcia's conviction for possession of more than four grams of fentanyl on sufficiency grounds, we need not address his related prosecutorial misconduct argument.

¶ 18 The People argue that, if we reverse Garcia's conviction for possession of more than four grams of fentanyl, then we should remand the case to the trial court to enter a conviction for the lesser included charge of possession of *up to* four grams of fentanyl under section 18-18-403.5(2)(c) and to resentence Garcia in accordance with the statute. Garcia doesn't oppose this proposition. Because the evidence was insufficient only as to the weight of the fentanyl Garcia possessed, but not as to any of the elements of the lesser included offense, we agree. *See Halaseh v. People*, 2020 CO 35M, ¶ 8.

B.   Sufficiency of the Evidence for the Methamphetamine Charge

¶ 19 Garcia argues that the evidence was insufficient to show that he knowingly possessed the methamphetamine crystals that were in the baggie with the fentanyl pills. We disagree.

¶ 20     At trial, Masters testified that he found loose crystals in the bottom of the baggie that contained the fentanyl pills.  The crystals weighed 0.174 grams and tested positive for methamphetamine.

¶ 21     Garcia argues that when law enforcement finds an unusable amount of drugs, that, on its own, isn't enough to prove that a defendant knowingly possessed the drug.  Garcia contends that the prosecution didn't offer evidence that the 0.174 grams of methamphetamine was a usable amount.  Garcia also argues that the prosecution didn't offer sufficient corroborating evidence that he knowingly possessed the methamphetamine.  We aren't persuaded, for two reasons.

¶ 22     First, the prosecution doesn't have to prove that any amount of contraband is usable.  While Garcia is correct that a trace amount of an illegal drug like methamphetamine, alone, isn't enough to infer that a defendant knowingly possessed methamphetamine, *see Richardson v. People*, 25 P.3d 54, 57 (Colo. 2001), that doesn't mean that the prosecution must prove that an amount of methamphetamine is usable.  In fact, our supreme court has clarified that "a usable quantity" is not an element of a drug possession offense.  *Id.* at 58.  Instead, the court reasoned that,

"where the amount of contraband is less than a usable quantity, other evidence may be necessary to establish knowing possession." *Id.* (quoting *People v. Ceja*, 904 P.2d 1308, 1311 (Colo. 1995)).

¶ 23    Second, the prosecution did present evidence sufficient to prove that Garcia knowingly possessed the methamphetamine crystals. Officer Matthew Prell testified at trial that, during a pat-down search of Garcia, he found a burnt straw, commonly used to smoke methamphetamine, as well as a glass pipe, commonly used to smoke fentanyl. Methamphetamine paraphernalia — the burnt straw — can be evidence of knowing possession of trace amounts of methamphetamine. *See People v. Wiley*, 51 P.3d 361, 365 (Colo. App. 2001).

¶ 24    Additionally, Officer Prell testified that he found the baggie of fentanyl pills and methamphetamine crystals in the car. Garcia told officers that he owned the vehicle, and Garcia was the only person present with the vehicle at the time. A division of this court has determined that these facts are more than sufficient to establish knowledge. *See People v. Yeadon*, 2018 COA 104, ¶ 25 (If a "defendant has exclusive possession of the premises in which drugs are found, the jury may infer knowledge from the fact of

11

possession. [K]nowledge can be inferred from the fact that the defendant is the driver and sole occupant of a vehicle, irrespective of whether he is also the vehicle's owner." (quoting *People v. Baca,* 109 P.3d 1005, 1007 (Colo. App. 2004))), *aff'd,* 2020 CO 38.

¶ 25     Accordingly, when we view the record as a whole and in the light most favorable to the prosecution, there was ample evidence submitted at trial to show that Garcia knowingly possessed the methamphetamine crystals.

## III.   Disposition

¶ 26     The judgment is affirmed in part and reversed in part. We reverse Garcia's conviction for possession of more than four grams of fentanyl. On remand the trial court should enter a conviction on the lesser included offense of possession of up to four grams of fentanyl under section 18-18-403.5(2)(c) and resentence Garcia accordingly. The judgment is otherwise affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.