509 P.2d 894

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David GRIJALVA, Defendant-Appellant.**

**No. 1047.**

Court of Appeals of New Mexico.

April 13, 1973.

**128**

Fred Chris Smith, Gallup, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant appeals following his conviction of the crimes of unlawful possession of marijuana, § 54–9–3, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1971); unlawful possession of LSD (Lysergic Acid Diethylamide) § 54–6–51(F), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1971); unlawful possession of Pentobarbital, § 54–6–38(B)(3), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1971).

We affirm.

Defendant asserts three points in his appeal: (1) that the trial court erred in denying defendant's motion to suppress the evidence seized because it was the fruit of an unlawful search subsequent to an unlawful arrest; (2) that the trial court erred in refusing his instruction No. 1 pertaining to knowledge, possession, quantity and usability of the narcotic substances; (3) that the search and seizure of the evidence after his arrest constituted fundamental error.

(1) *It was not error to deny defendant's motion to suppress.*

Defendant contends he:

" . . . was arrested without being shown any arrest warrant and without being informed of any charges against him and without probable cause to believe that he had either committed a felony or was engaged in the commission of a misdemeanor at the time of arrest. Such arrest was illegal and where the evidence seized was a product of illegal arrest and tainted by that illegal act, the District Court committed a reversible error in denying [defendant's] pre-trial motion to suppress such evidence."

The record on the motion to suppress discloses the following. Defendant was arrested on January 3, 1972 by Officer Romero of the Gallup Police Department. Of-

ficer Romero was on routine patrol when he overheard on his car radio, a call to the police station by two detectives who had just seen the defendant. The detectives sought information as to whether there were any outstanding warrants on the defendant at that time. The radio dispatcher replied that there were outstanding warrants on the defendant. Officer Romero then advised the detectives of his location and asked if they wanted him (Romero) to pick up the defendant. The detectives said yes.

Officer Romero proceeded to the courthouse parking lot where he spotted the defendant walking on the sidewalk. Officer Romero called the defendant over to his unit and asked him if he was David Grijalva; defendant responded in the affirmative and then Officer Romero advised the defendant of the warrants for his arrest and the numbers of the warrants.

Defendant then made an inquiry as to what the warrants were for and Officer Romero obliged him by attempting to call the police station. At this moment, defendant walked away from the officer. Officer Romero then got out of his car and pursued the defendant until he caught him. Officer Romero then proceeded to take the defendant to the police station.

Defendant was riding in the back seat of the police car and the officer told him " . . . if he had something that he wanted to get rid of, if he had anything, to do it before we got to the police station—"

Defendant was observed by Officer Romero " . . . pushing something, or taking something out of his pockets and appeared to be shoving it down there."

Subsequently, the back seat of the police car was searched and the marijuana, LSD and pentobarbital was found.

(a) *The arrest was legal.*

■ Relying on State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), defendant contends that "[t]he arresting officer had probable cause to stop Appellant [defendant] if he believed that there were outstanding warrants for Appellant's [defendant's] arrest only if those warrants were valid. . . . " On appeal, defendant for the first time challenges the validity of the warrants. He does this on the basis that they were not produced. At the motion to suppress defendant's trial counsel admitted the existence of at least one warrant and did not challenge its validity. Not having presented this to the trial court defendant cannot raise it for the first time on appeal. Section 21–2–1(20)(1), N.M.S.A.1953 (Repl. Vol. 4).

■ Defendant next asserts that the failure of the officer to have the arrest warrant in his possession makes the arrest illegal. Implicit in State v. Miller, supra, is that if the warrant is valid or its validity is not questioned, possession of the warrant is not essential. See also Whiteley v. Warden of Wyoming Penitentiary, 401 U. S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Accordingly, we hold that physical possession of the warrant is not essential to a lawful arrest when the validity of the arrest warrant is not involved.

Having determined the arrest to be legal and assuming defendant to have been in possession of the drugs and marijuana, we necessarily conclude the seizure to be incident to a lawful arrest. See State v. Rose, 79 N.M. 277, 442 P.2d 589 (1968), cert. denied, 393 U.S. 1028, 89 S.Ct. 626, 21 L.Ed. 2d 571 (1969).

(2) *The court did not err in refusing defendant's instruction No. 1.*

The defendant tendered instruction No. 1 which read as follows and which was rightfully refused by the trial court:

"DEFENDANT'S REQUESTED INSTRUCTION NUMBER 1

"You are instructed that possession of any of the substances which are the basis of the charges made against the Defendant to constitute a crime must have been with actual knowledge of the narcotic character of the objects possessed and the amounts possessed must have been sufficient in quantity to be applied to the uses commonly made of such sub-

**130**

stances. Proof of possession of amounts so small as to be incapable of such use would not constitute the crime charged."

Defendant contends that unless there is sufficient quantity and quality of a controlled substance so as to be usable he cannot be convicted for possession of a controlled substance.

■ The statutes under which defendant was charged do not require possession of any certain quality or quantity of the marijuana or drugs. The power to define crimes is a legislative function. State v. Moss, 83 N.M. 42, 487 P.2d 1347 (Ct.App. 1971).

■ Penal statutes are strictly construed and should be of sufficient certainty so that a person will know that his act is criminal when he commits the act. State v. Collins, 80 N.M. 499, 458 P.2d 225 (1969). Statutory words are presumed to be used in their ordinary and usual sense. Bettini v. City of Las Cruces, 82 N.M. 633, 485 P.2d 967 (1971). In the absence of any language to the contrary, we construe § 54–9–3, supra, § 54–6–38(B)(3), supra, and § 54–6–51(F), supra, to mean that the mere possession of any amount of the prohibited substance is enough to violate the statutory proscription.

(3) *The trial court did not commit fundamental error.*

■ The defendant filed a motion to incorporate an additional point relative to fundamental error. The state did not oppose the motion and, accordingly, we grant the motion and consider the point of fundamental error. The defendant claims that the arrest, search and seizure violated the Fourth and Fourteenth Amendments of the United States Constitution and N.M.Const. Art. II, § 10. We cannot agree with defendant on this point.

The instant case is identical with and is disposed of by State v. Till, 78 N.M. 255, 430 P.2d 752 (1967) wherein our Supreme Court stated:

"At the hour of oral argument before this court, the appellant submitted a Sup-

plemental Brief and requested leave for filing. Leave was granted and the Attorney General was given time to file an Answer Brief. This departure from § 21–2–1(15)(2), N.M.S.A.1953, was permitted since it was represented that there was fundamental error. We have examined the Supplemental Brief and find that no fundamental error is disclosed. It is therefore disregarded. . . ."

The judgment and sentence of the lower court is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.