875 P.2d 1113 (1994)
117 N.M. 681
STATE of New Mexico, Plaintiff-Appellee,
v.
Claude WOOD, Defendant-Appellant.
No. 14949.
Court of Appeals of New Mexico.
April 19, 1994.
Certiorari Denied May 27, 1994.
*1114 Sammy J. Quintana, Chief Public Defender, Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.
Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

*1115 OPINION

DONNELLY, Judge.
Defendant appeals his conviction for possession of cocaine, contrary to NMSA 1978, Section 30-31-23(D) (Cum.Supp.1993). In challenging his conviction, Defendant argues that (1) the trace amount of cocaine he was alleged to have possessed was insufficient to support his conviction; (2) as applied to him, the possession statute is unconstitutionally vague; and (3) his conviction for possession of cocaine violates constitutional protections against double jeopardy. For the reasons discussed below, we affirm.

FACTS
On April 10, 1992, Defendant was arrested on suspicion of driving while intoxicated and was transported to a local police station. As part of the booking procedure, Defendant was asked to empty his pockets. Defendant was observed removing three syringes and a soft drink bottle cap from his pants pocket. The syringes had needles still attached to them, and two of the needles were exposed. There was no visible trace of cocaine on any of the items. Two of the syringes contained a small amount of blood. The syringes and the bottle cap were seized and sent to a crime laboratory for testing. The syringes tested positive for cocaine; the bottle cap tested negative. The amount of cocaine present in the syringes was less than 0.0001 gram.
After receipt of the test results from the crime lab, Defendant was charged with possession of a controlled substance, cocaine, under Section 30-31-23. Following a jury trial Defendant was found guilty.

DISCUSSION

I. Sufficiency of the Evidence

Defendant challenges the sufficiency of the evidence to support his conviction. In order for this Court to conclude that there was sufficient evidence to support a conviction, the evidence must be such that a rational jury could have found each element of the particular crime to be established beyond a reasonable doubt. State v. Garcia, 114 N.M. 269, 273-74, 837 P.2d 862, 866-67 (1992); see also State v. Sutphin, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). On appeal we do not reweigh the evidence, nor do we substitute our judgment concerning the weight or effect of the evidence for that of the fact finder. Sutphin, 107 N.M. at 131, 753 P.2d at 1319. Instead, we view the evidence in a light most favorable to support the verdict, resolving all conflicts and indulging all inferences in favor of the verdict reached below. State v. Ungarten, 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App.1993). In determining the sufficiency of the evidence we review both direct and circumstantial evidence. Id.
To convict an individual of possession of a controlled substance both possession and knowledge of possession of a controlled substance must be established. Section 30-31-23; see also SCRA 1986, 14-3102. Defendant challenges the sufficiency of the evidence as to each of these requirements. We review the evidence bearing upon each element.

A. Possession

In enacting Section 30-31-23(D), the legislature specifically made possession of "a controlled substance" or "a narcotic drug," as enumerated in certain schedules, a criminal act. Id. Defendant argues that the trace amount of cocaine found in his possession is insufficient to prove a violation of Section 30-31-23(D), and that the language of the statute he is charged with violating is ambiguous. In response the State contends that the legislature, by using the words "a controlled substance" and "a narcotic drug," chose words which are clear on their face and the statute affirmatively resolved the question of whether possession of a small or trace amount of a controlled substance constitutes a criminal offense.
In State v. Grijalva, 85 N.M. 127, 509 P.2d 894 (Ct.App.1973), this Court considered the question of whether a "usable" amount of a controlled substance was necessary to support a conviction for possession of a controlled substance. We interpreted the words "any amount" in accordance with their plain meaning and stated that "the mere possession of any amount of the prohibited substance is enough to violate the statutory proscription." Id. at 130, 509 P.2d at 897. Grijalva *1116 further held that "[t]he statutes under which defendant was charged do not require possession of any certain quality or quantity of the marijuana or drugs." Id. Although Grijalva only addressed the question of "usable" amount and was decided under prior law, we believe the reasoning of that case is also applicable to Defendant's argument in the present case.
The starting point in every case involving the construction of a statute is an examination of the language utilized by the drafters of the act. See Roth v. Thompson, 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992) (primary objective of statutory construction is to ascertain and give effect to intent of legislature). Reading the language of Section 30-31-23, we think it is clear that the words "a controlled substance" or "a narcotic drug" are used in their ordinary context, and that, in enacting Subsection D of the statute, the legislature intended to prohibit possession of any identifiable amount of a controlled substance. See Grijalva, 85 N.M. at 130, 509 P.2d at 897. There is no indication in Subsection D that a specific amount is required for conviction. In contrast with the approach taken in Subsections C and D, in enacting Subsection B the legislature adopted differing penalties for possession of specific quantities of marijuana. See § 30-31-23(B)(1)-(3) (declaring that possession of one ounce or less of marijuana is, for the first offense, a petty misdemeanor; possession of one ounce or less of marijuana is, for the second offense, a misdemeanor; possession of more than one ounce and less than eight ounces of marijuana is a misdemeanor; and possession of eight ounces or more of marijuana is a fourth-degree felony). This evinces a legislative intent to impose increased punishments based upon the quantity of marijuana an individual is shown to have possessed. In framing Subsection C, however, the legislature used the words "any amount" and "a controlled substance," and in enacting Subsection D, the legislature used the words "a controlled substance" and "a narcotic drug."
This Court will not read language into a statutory provision which is clear on its face. See State v. Gutierrez, 102 N.M. 726, 730, 699 P.2d 1078, 1082 (Ct.App.), cert. denied, 102 N.M. 734, 700 P.2d 197 (1985). Section 30-31-23 is unambiguous; a plain reading of the provision indicates that any clearly identifiable amount of a controlled substance is sufficient evidence to support a conviction for possession of a controlled substance. See Grijalva, 85 N.M. at 130, 509 P.2d at 897 ("Statutory words are presumed to be used in their ordinary and usual sense."); see also Herron v. State, 111 N.M. 357, 359, 805 P.2d 624, 626 (1991) (when enacting or amending a statute, the legislature is deemed to be aware of existing statutes and judicial decisions).
Relying in part upon cases from other jurisdictions, Defendant also argues that the legislature intended the words "any amount" to mean a "usable amount" or a "measurable amount" of a controlled substance. In advancing this contention Defendant relies on out-of-state authority. See, e.g., People v. Leal, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665, 670 (1966) (en banc). We disagree with the rationale of the decisions Defendant urges us to follow, and, instead, we are guided by the plain language of Section 30-31-23(D). As discussed above, we believe the statutory design in adopting the language of Section 30-31-23(D) is that the words "a controlled substance" or "a narcotic drug" were intended by the legislature to mean what they say, i.e., any clearly identifiable amount of a controlled substance defined therein.
Defendant further argues that applying a literal interpretation of Section 30-31-23(D) to permit his prosecution for possession of any amount of a controlled substance produces a harsh result because he was also prosecuted for possession of drug paraphernalia pursuant to NMSA 1978, Section 30-31-25.1 (Repl. Pamp.1989). Defendant argues that Section 30-31-25.1 is designed to discourage possession of a used syringe containing a minute amount of a narcotic drug and, therefore, overlaps in effect with Section 30-31-23. This argument, however, misperceives the role of the court. A reviewing court may not substitute its judgment concerning policy grounds for enactment of criminal statutes. "[T]he power to define *1117 crimes is a legislative function." State v. Moss, 83 N.M. 42, 43, 487 P.2d 1347, 1348 (Ct.App.1971).
Applying the principles discussed above to the record before us, we conclude that there was sufficient evidence of Defendant's possession of a controlled substance so that the jury could reasonably determine that this element of the crime was established beyond a reasonable doubt. See Garcia, 114 N.M. at 273-74, 837 P.2d at 866-67; see also State v. McCarthy, 25 Conn.App. 624, 595 A.2d 941, 944 (recognizing as majority view the view that possession of "any amount" of a controlled substance is sufficient to uphold possession conviction), cert. denied, 220 Conn. 925, 598 A.2d 366 (1991); State v. Vance, 61 Haw. 291, 602 P.2d 933, 943-44 (1979); State v. Robinson, 426 S.E.2d 317, 318 (S.C.1992) (holding that a "measurable amount" of a controlled substance is not required to sustain a conviction of possession of narcotics; legislature intended to prohibit possession of even trace amounts). See generally Danny R. Veilleux, Annotation, Minimum Quantity of Drug Required to Support Claim That Defendant is Guilty of Criminal "Possession" of Drug Under State Law, 4 A.L.R. 5th 1 (1992 & Supp.1993).

B. Knowledge of Possession

Next, Defendant argues that his conviction must be set aside because there was insufficient evidence to establish that he knew he possessed cocaine. Based on evidence contained in the record, however, we believe that the jury in the instant case could reasonably infer that Defendant knew he possessed cocaine. In determining whether there is sufficient evidence to establish an element of a particular crime, both direct and circumstantial evidence may be considered. Ungarten, 115 N.M. at 609, 856 P.2d at 571. Our Supreme Court has recognized that because of the subjective nature of intent it is rarely established by direct evidence and generally must be proven by circumstantial or factual inferences. State v. Frank, 92 N.M. 456, 458, 589 P.2d 1047, 1049 (1979); see also SCRA 1986, 14-141 (general intent instruction; whether defendant acted intentionally may be inferred from the surrounding circumstances). Similarly, in State v. Montoya, 77 N.M. 129, 131, 419 P.2d 970, 971 (1966), our Supreme Court stated that "[k]nowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances."
In the present case Defendant was observed removing three syringes and a soft drink bottle cap from his pants pocket. The syringes had exposed needles still attached. Two of the syringes contained blood, and test results indicated that cocaine was present. When viewing this evidence in the light most favorable to the State, the evidence was sufficient to give rise to a reasonable inference that Defendant knowingly possessed cocaine at the time of his arrest. See State v. Spates, 588 So.2d 398, 402 (La.Ct.App.1991) ("Evidence of a defendant's possession of narcotics paraphernalia is relevant evidence of a defendant's intent or guilty knowledge of his possession of controlled dangerous substances."); cf. State v. Bejar, 101 N.M. 190, 191, 679 P.2d 1288, 1289 (Ct.App.) (syringe is item for personal use of drugs), cert. denied, 101 N.M. 189, 679 P.2d 1287 (1984). We find People v. Theel, 180 Colo. 348, 505 P.2d 964, 965-66 (1973) (en banc), and other similar cases relied on by Defendant, distinguishable in this regard. Theel involved trace amounts of drugs found in plastic bags, which the defendant was using for carrying items like food for himself and his dog while he was hitchhiking. The court in Theel also relied on a case involving trace amounts of drugs found in the lint in pockets. Both pockets and plastic bags, which have legitimate common purposes, are different from syringes with the needles intact, carried around loose by persons in their clothing.

II. Constitutionality of Statute

Defendant additionally argues that his conviction for possession of a controlled substance should be reversed because the phrase "any amount" is unconstitutionally vague as applied to him under the facts of this case.
A statute is unconstitutionally vague if it does not provide a person of *1118 ordinary intelligence a reasonable opportunity to know exactly what act is prohibited. State v. Gattis, 105 N.M. 194, 197, 730 P.2d 497, 500 (Ct.App.1986). This Court considers a vagueness challenge in light of the facts of the particular case before us and in light of the prohibited act with which a defendant is charged. See State v. Pierce, 110 N.M. 76, 81-82, 792 P.2d 408, 413-14 (1990). Because a statute is presumed to be constitutional, the party attacking the constitutionality of the provision has the burden of demonstrating its invalidity. City of Albuquerque v. Jones, 87 N.M. 486, 488, 535 P.2d 1337, 1339 (1975); see also State v. Segotta, 100 N.M. 498, 500, 672 P.2d 1129, 1131 (1983).
We believe the language of Section 30-31-23 is sufficient to withstand a challenge of vagueness. A person of common intelligence need not guess at the meaning of "any amount." See Gattis, 105 N.M. at 199, 730 P.2d at 502; see also State v. James M., 111 N.M. 473, 477, 806 P.2d 1063, 1067 (Ct.App. 1990) (in considering a constitutional challenge to a statute based upon vagueness, the reviewing court gives words their ordinary meaning unless a contrary intent is indicated), cert. denied, 111 N.M. 529, 807 P.2d 227 (1991); State v. Rogers, 94 N.M. 527, 529, 612 P.2d 1338, 1340 (Ct.App.) ("The legislature is not required to write statutes for the understanding of persons who cannot or will not apply ordinary meanings to plain words[.]"), cert. denied, 94 N.M. 629, 614 P.2d 546 (1980).

III. Double Jeopardy

We turn next to Defendant's contention that his conviction for possession of cocaine violates the double jeopardy provision of the New Mexico Constitution. See N.M. Const. art. II, § 15. In advancing this argument, however, Defendant relies in part upon facts outside the record proper.
Although NMSA 1978, Section 30-1-10 (Repl.Pamp.1984), provides that a double jeopardy defense can be raised at any time, either before or after judgment, a factual basis must appear in the record in order to support such claim. See State v. Haddenham, 110 N.M. 149, 154, 793 P.2d 279, 284 (Ct.App.) (issues for which there is no factual basis in the record will not be reviewed), cert. denied, 110 N.M. 72, 792 P.2d 49, and cert. denied, 110 N.M. 183, 793 P.2d 865 (1990); State v. Romero, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct.App.1975) ("Matters outside the record present no issue for review.").
Defendant has attempted to supplement the record on this issue in two ways. First, during the calendaring process, Defendant formally requested that the record proper be supplemented to include a copy of a judgment and sentence from a prior conviction. This Court, however, denied Defendant's motion. See State v. Moore, 109 N.M. 119, 128, 782 P.2d 91, 100 (Ct.App.) (issues are to be raised for consideration at the trial level), cert. denied, 109 N.M. 54, 781 P.2d 782 (1989). Defendant also attached an exhibit to his appellate brief. The exhibit, however, is not part of the record proper and will not be considered by this Court. See State v. Rogers, 90 N.M. 673, 675, 568 P.2d 199, 201 (Ct.App.) (exhibit to appellate brief not made part of the record at the trial court level will not be considered on appeal), rev'd on other grounds, 90 N.M. 604, 566 P.2d 1142 (1977); State v. Lucero, 90 N.M. 342, 345, 563 P.2d 605, 608 (Ct.App.) (exhibits to appellate briefs neither identified nor tendered as exhibits to the trial court will not be considered on appeal), cert. denied, 90 N.M. 636, 567 P.2d 485 (1977). There being no factual basis in the record to support a double jeopardy argument, Defendant's argument is therefore rejected.

CONCLUSION
The judgment and sentence are affirmed.
IT IS SO ORDERED.
PICKARD and BLACK, JJ., concur.