**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SAM SMITH,

      Petitioner-Appellant,

v.

YMELDA VALDEZ, ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Respondents-Appellees.

No. 96-2232
(D.C. No. CIV 94-1295 JC/LFG)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Petitioner Sam Smith appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a state court jury of the crime of possession of cocaine, in violation of the version of N.M. Stat. Ann. § 30-31-23 then in effect. He claims that he was denied his constitutional right to due process because there was insufficient evidence to sustain his conviction. He has applied for a certificate of appealability, as required by 28 U.S.C. § 2253(c). We deny the certificate and dismiss the appeal.

A claim based on sufficiency of the evidence is a mixed question of fact and law to be reviewed de novo on federal habeas. See Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). Habeas relief will be granted only if a rational trier-of-fact could not have found that each element of the crime was proved beyond a reasonable doubt, considering all of the evidence in the light most favorable to the prosecution. See id. (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We do not reweigh conflicting evidence or make credibility determinations. See Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). We must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Here, the facts are not disputed. At the time he was searched during an unrelated matter, petitioner was carrying a coin-sized plastic bag containing a

very small amount of cocaine. The baggie did not contain an administrable amount of cocaine, but it was clearly visible in the baggie and petitioner testified that he saw it. According to petitioner, he had picked up the baggie from a parking lot, intending to use it to store his spare watch pins. No watch pins were found in the baggie. Petitioner also testified that he had used cocaine in the past, he previously had been convicted of cocaine possession, and he no longer used cocaine.

The parties agree that the prosecution was required to establish that petitioner was in possession of cocaine and he knew or believed the substance was cocaine or other contraband. Petitioner does not dispute that the amount of cocaine in the baggie was enough to support his conviction for possession. See State v. Wood, 875 P.2d 1113, 1116-17 (N.M. Ct. App. 1994) ("any clearly identifiable amount of a controlled substance is sufficient evidence to support a conviction for possession of a controlled substance;" usable or measurable amount not required). Rather, he argues that a trace amount of cocaine cannot be sufficient to establish his knowledge that the substance was cocaine, absent corroborating evidence. He maintains that his prior cocaine possession conviction cannot contribute to a finding of knowledge because it was evidence only of his propensity to use cocaine. He maintains that the jury impermissibly convicted him based on evidence that he had a propensity to use cocaine.

-3-

Knowledge can be established by direct or circumstantial evidence. Cf. Minner v. Kerby, 30 F.3d 1311, 1315 (10th Cir. 1994) (intent to distribute); see also Wood, 875 P.2d at 1117. Although New Mexico state law generally prohibits the introduction of evidence of a defendant's prior bad acts to show his propensity to commit a crime, the evidence may be admissible for another purpose, such as showing knowledge or absence of mistake. See State v. Woodward, 908 P.d. 231, 237 (N.M. 1995). Therefore, because the evidence of his prior conviction related to the element of petitioner's knowledge "in a way that [did] not merely show his propensity" to possess cocaine, State v. Niewiadowski, 901 P.2d 779, 782-83 (N.M. Ct. App.), cert. denied, 899 P.2d 1138 (N.M. 1995), the prior conviction properly was considered by the jury as evidence of knowledge or absence of mistake. We hold that a rational trier of fact could find each element of the cocaine possession charge proved beyond a reasonable doubt. Accordingly, petitioner's application for a certificate of appealability is denied because he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

APPEAL DISMISSED.

Entered for the Court

Michael Burrage
Chief District Judge

-4-