This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. 29,676

**JOHN DAVID SWALLOWS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Eugenio S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for possession of methamphetamine,

possession of drug paraphernalia, and open container violation. We proposed to affirm Defendant's convictions in a calendar notice, and Defendant has responded to that notice with a memorandum in opposition. We have duly considered Defendant's arguments, but we are unpersuaded by them. We therefore affirm.

**Sufficiency of Evidence**

Defendant continues to claim that the trace amount of drug residue found in the truck was insufficient to support his conviction for possession of drugs or drug paraphernalia. Defendant argues that, because his statements to the officer were suppressed and not considered by the jury, the jury could only rely on the trace amount found on the drug-related items taken from the truck. [MIO 2] Without Defendant's admissions to the officer, Defendant argues that the jury could not find that Defendant had knowledge of the trace amount of methamphetamine contained in the items.

In support of his argument, Defendant cites to *State v. Reed*, 1998-NMSC-030, 125 N.M. 552, 964 P.2d 113, a case in which the Supreme Court reversed a drug possession conviction based on the fact that the defendant was only found to possess a wrapper containing a trace amount of cocaine that was not immediately apparent to the human eye. *Id.* ¶¶ 15-18. The Court in *Reed* explained that, because there was no corroborating evidence to show that the defendant knew the wrapper contained a trace

amount of residue or that the residue was cocaine, the conviction for possession could not stand. *Id.* In this case, unlike the situation in *Reed*, the drug paraphernalia found by the officer was corroborating evidence that would support a finding that Defendant had the requisite knowledge to support his conviction for possession. *See id.*; *State v. Wood*, 117 N.M. 682, 686, 875 P.2d 1113, 1117 (Ct. App. 1994) (explaining that knowledge may be inferred from the circumstances and holding that a trace amount of cocaine and drug paraphernalia on the defendant's person was sufficient to show knowledge). Viewing the evidence in the light most favorable to the jury's verdict and indulging all reasonable inferences in favor of the verdict, the evidence in this case was sufficient to support Defendant's conviction for possession of methamphetamine.

**Scope of Search**

The officer was granted permission to search the cab of the truck from both Defendant and Defendant's employer. Defendant claims that he understood that the search would be cursory and limited to a "quick peek" for weapons. The search took approximately twenty-seven minutes, which Defendant claims went beyond a "quick peek" and exceeded the scope of the consent that was granted. [DS 4; MIO 5] There is nothing in the record to indicate that Defendant raised his claim regarding a "quick peek" with the district court. The primary purposes for the preservation rule are: (1)

3

to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue. *See State v. Lopez*, 2008-NMCA-002, ¶ 8, 143 N.M. 274, 175 P.3d 942 (filed 2007). When an argument is not properly preserved in the district court, we will not address it on appeal. *See State v. Maez*, 2009-NMCA-108, ¶ 15, 147 N.M. 91, 217 P.3d 104, *cert. denied*, (No. 31,857 Aug. 18, 2009).

For the reasons discussed above and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**CELIA FOY CASTILLO, Judge**