This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37929**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**PATRICK OTERO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret J. Crabb, Assistant Attorney General
Albuquerque, NM

for Appellant

Aragon Law Office
Brett Phelphs
Las Vegas, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** The State appeals the dismissal of one count of a criminal information charging possession of methamphetamine based upon residue on a spoon found in Defendant's car following a traffic stop. [RP 124] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 3-4] The State has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     This Court's proposed disposition, like the order on appeal, relied upon *State v. Reed*, 1998-NMSC-030, 125 N.M. 552, 964 P.2d 113, in which a conviction for possession was reversed on the basis that the prosecution could not establish that the defendant was aware of a residue of cocaine on a plastic wrapper. *Id.* ¶ 16. In proposing to affirm, this Court relied upon the district court's findings that there was no evidence to establish how or when the methamphetamine residue "came to be on the spoon," we noted that there appeared to be no basis to find that Defendant was aware of the invisible residue and also that the State had asserted no such basis in its written response to the dismissal motion. [CN 3; RP 79-89]

**{3}**     In its memorandum in opposition to summary affirmance, the State points out that, unlike *Reed*, this case involves both residue of a contraband and paraphernalia, because Defendant was also in possession of syringes[1] at the time of his arrest. [MIO 3-4] Thus, the State argues that the present case includes circumstantial evidence of Defendant's intent because he was in possession of paraphernalia. [Id.] For support, the State cites *State v. Wood*, 1994-NMCA-060, ¶ 14, 117 N.M. 682, 875 P.2d 1113, in which this Court affirmed a conviction for possession based upon a residue of cocaine detected in syringes that were in the defendant's pants pocket. In doing so, we distinguished other cases in which trace amounts of drugs were found in plastic bags and mixed in with pocket lint. *Id.*

**{4}**     We believe that the spoon at issue in the present case is more similar to the plastic wrapper at issue in *Reed* and the bags and lint at issue in *Wood* since all of those objects, though tainted with an invisible residue of contraband, appear innocent to the naked eye. Indeed, as the district court noted below, the cocaine at issue in *Reed* was actually visible upon close inspection–a fact not present in this case. [RP 127] We also note that in *Wood*, the tainted items were found on the defendant's person, unlike the spoon found in Defendant's car in this case. *Id.* ¶ 2.

**{5}**     The fact that Defendant was also in possession of syringes does help to establish Defendant's likely familiarity with injectable drugs, but does not establish that he knew there was a residue of narcotics on the spoon in his car. There appears to be no available evidence to establish how recently the residue "came to be on the spoon." [RP 127] *See State v. Maes*, 2007-NMCA-089, ¶ 17, 142 N.M. 276, 164 P.3d 975 (noting that a "water-methamphetamine solution had dried to a white, granular residue, a circumstance suggesting that the drugs had been mixed into a solution and injected sometime in the past"). It is true that our review for sufficient evidence encompasses both direct and circumstantial evidence. *Wood*, 1994-NMCA-060, ¶ 13. Nonetheless, the evidence required to establish possession must provide more than mere speculation of Defendant's knowledge. Based upon the facts asserted by the State, we are not persuaded that the available evidence is sufficient "to support inferences of knowledge and control to the level of confidence required by proof beyond a reasonable doubt." *Maes*, 2007-NMCA-089, ¶ 19.

---

[1]The syringes were apparently not tested for the presence of any residue of narcotics. [RP 133]

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**