This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40657**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**HARLEY MARRUJO,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**   This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals from the judgment and sentence, following a jury trial, convicting him of possession of a controlled substance, possession of drug paraphernalia, and concealing identity. [RP 178-83] On appeal, Defendant contends that: (1) insufficient evidence supported that he had knowledge that the pills in his pocket were a controlled substance; and (2) the prosecutor made a statement during closing argument that violated his Fifth Amendment right against self-incrimination. [BIC 3, 5]

**Sufficiency of the Evidence**

**{3}** Defendant contends that no evidence was presented to prove that he knew the substance he possessed was fentanyl, "other than the fact that it was in his pocket[.]" *State v. Wood*, 1994-NMCA-060, ¶ 4, 117 N.M. 682, 875 P.2d 1113. The question for us on appeal is whether the fact-finder's "decision is supported by substantial evidence, not whether the [fact-finder] could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

> Our Supreme Court has recognized that because of the subjective nature of intent it is rarely established by direct evidence and generally must be proven by circumstantial or factual inferences. Similarly, . . . our Supreme Court stated that knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances.

*Wood*, 1994-NMCA-060, ¶ 13 (internal quotation marks, alteration, and citations omitted). In *Wood*, this Court stated that when a defendant had syringes in his pocket and test results indicated that cocaine was present, "the evidence was sufficient to give rise to a reasonable inference that [the d]efendant knowingly possessed cocaine at the time of his arrest." *Id.* ¶ 14.

**{4}** In the present case, Defendant was searched incident to arrest. [BIC 1-2] He turned over items in his possession to officers, including a box that contained one whole pill and a half of another pill. [BIC 2] Lab testing confirmed the pills were fentanyl. [BIC 2] The fact that the pills were in his possession and were confirmed to be fentanyl is sufficient to support the jury's finding that he knew he possessed a controlled substance, and we decline Defendant's invitation to re-weigh the evidence. *See id.* ¶¶ 13-14; *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict").

**Prosecutorial Misconduct**

{5}     Defendant contends that the State committed prosecutorial misconduct when the prosecutor stated during closing argument, "I don't have to beat a confession out of you." [BIC 6] Defendant argues that this statement "implied that [Defendant] was guilty[,]" "dr[e]w attention to [Defendant's] silence[,]" "asked the jury to draw an adverse conclusion from the fact that [Defendant] had not confessed[,]" and that this prejudiced Defendant. [BIC 6-7]

{6}     Because Defendant did not object to the statement at the time and preserve his claim of error, we review this issue for fundamental error. [BIC 5-6] *See State v. McDowell*, 2018-NMSC-008, ¶ 7, 411 P.3d 337 (reviewing unpreserved arguments on prosecutorial comments on a defendant's silence for fundamental error); *see also State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{7}     Our courts have "identified three factors to consider when reviewing error in closing arguments: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement is isolated and brief, or repeated and pervasive; and (3) whether the statement is invited by the defense." *State v. Sena*, 2020-NMSC-011, ¶ 16, 470 P.3d 227.

{8}     Regarding the first factor, implicating a Defendant's Fifth Amendment right to silence is a distinct constitutional protection. *See id.* "[T]he prosecution cannot suggest that an innocent person would have testified to explain the circumstances and therefore the defendant, who did not testify, must be guilty." *State v. La Madrid*, 1997-NMCA-057, ¶ 10, 123 N.M. 463, 943 P.2d 110. However, "when the prosecutor's comment does no more than direct the jury's attention to the defendant's failure to testify, the threat to a defendant's Fifth Amendment privilege is much less than when a prosecutor argues that the jury should infer guilt from the failure to testify." *Id.* ¶ 12 (finding no reversible error when a prosecutor commented on a non-testifying defendant's failure to explain the motive for a crime). It is "entirely permissible for the prosecutor to argue the evidence before the jury . . . and to suggest reasonable inferences that might be drawn from that evidence." *State v. Aguilar*, 1994-NMSC-046, ¶ 23, 117 N.M. 501, 873 P.2d 247 (internal quotation marks and citation omitted).

{9}     The statement by the prosecutor in this case occurred when the prosecutor was arguing that "people generally know what is in their possession on their person[.]" [AB 3] The full statement was, "they're in your pocket ladies and gentlemen, you know they're there. I don't have to beat a confession out of you. It's reason and common sense." [AB 3; 6-23-22 CD 5:50:11-24] We disagree with Defendant's assertion that the comment "asked the jury to draw an adverse conclusion from the fact that [Defendant] had not confessed." [BIC 7] Instead, this statement was primarily directed at the circumstantial evidence of Defendant's knowledge of whether he possessed a controlled substance,

rather than addressing whether or not Defendant testified. *See Aguilar*, 1994-NMSC-046, ¶ 23; *see also Wood*, 1994-NMCA-060, ¶ 13 ("[K]nowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances." (internal quotation marks and citation omitted)). Even assuming the prosecutor's comment may have drawn attention to Defendant's failure to testify, we conclude it did not ask the jury to infer guilt from such. *See La Madrid*, 1997-NMCA-057, ¶ 10. We also note that Defendant's counsel had "argued that there was no evidence that [Defendant] knew he was in possession of a controlled substance[.]" (emphasis omitted).[BIC 7]

**{10}**   Defendant's argument assumes that the comments at issue invaded his Fifth Amendment rights. [BIC 5-7] However, taken in context, we agree with the State that the comment was directed at the evidence of whether Defendant had knowledge of his possession, and, ultimately, conclude that Defendant has not demonstrated that the prosecutor's remark constituted fundamental unfairness such that it would be considered fundamental error. *See Barber*, 2004-NMSC-019, ¶ 17. We affirm.

**{11}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**