This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40497

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUSTIN NORBERTO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 19, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now

having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}**     Defendant appeals his conviction for breaking and entering, arguing that the evidence presented at trial was insufficient to support his conviction. [BIC 4] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The question for us on appeal is whether the fact-finder's decision is "supported by substantial evidence, not whether the [fact-finder] could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Ancira*, 2022-NMCA-053, ¶ 21, 517 P.3d 292 (internal quotation marks and citation omitted).

**{3}**     In the present case, the jury was instructed that to find Defendant guilty of breaking and entering, the State was required to prove the following elements beyond a reasonable doubt: (1) Defendant entered the home without permission; (2) "[t]he entry was obtained by the breaking of a window"; and (3) the events occurred in New Mexico on or about May 22, 2021. [RP 90; AB 5] *See* UJI 14-1410 NMRA. Defendant does not challenge the sufficiency of the first and third elements, but asserts that the State failed to prove, beyond a reasonable doubt, that Defendant's "entry was obtained by the breaking of a window." [AB 5] Specifically, Defendant argues there was no evidence that *he* broke the window. [BIC 7; AB 10]

**{4}**     Police testified that someone had gained unauthorized entry into a home through the dog door the day before Defendant was arrested, and the windows in the back door had not been broken at that time. [AB 2] Police testified that on the day Defendant and two other individuals were found inside the home, the dog door had been closed off, and the glass windows on the back door had been broken. [BIC 6-7; AB 2, 4] Police found broken glass inside the backpack Defendant was wearing, broken glass on the floor near the door, and a tire iron near the back door that had not been there the day before. [AB 4-5] The homeowner testified that the only damage to the home was to the back door. [RP 79; AB 5] These facts, taken in the light most favorable to the verdict and indulging all inferences in favor of the verdict, were sufficient to support the jury's finding that Defendant's entry to the home was obtained by the breaking of the window. *See State v. Wood*, 1994-NMCA-060, ¶ 4, 117 N.M. 682, 875 P.2d 1113 ("[W]e view the evidence in a light most favorable to support the verdict, resolving all conflicts and indulging all inferences in favor of the verdict reached below."). The jury could properly infer that the broken window was the means of entry for all individuals, and that, given that Defendant's backpack had broken glass in it, he obtained entry by the breaking of a window.

**{5}** We pause here to note that Defendant neither argues that the instruction submitted to the jury was improper due to its failure to require that the jury determine Defendant was the individual who broke the window, nor identifies anywhere in the record where he requested a modified jury instruction that expressly required the jury to find it was Defendant who broke the window. Defendant challenges only the sufficiency of the evidence to prove an element of the instruction given. As a result, it is under this narrow scope of review that we conclude the evidence was sufficient to support Defendant's conviction. Furthermore, Defendant's suggestion that "[i]t is just as likely that one of the other individuals broke the window pane and then entered the home[,]" invites this Court to reweigh the evidence; we decline to do so. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."); *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that the reviewing court "must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"). Because the evidence presented at trial was sufficient to support Defendant's conviction for breaking and entering, we affirm.

**{6} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**