This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40730**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROBERT CHARLES MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, from the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals following a jury trial conviction for possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23(E) (2019, amended 2021). On appeal, Defendant argues that, prior to trial, the district court erred by failing to suppress drug evidence found as a result of an unreasonable search and seizure by a police officer. [BIC 5; 2 RP 310-15] Specifically, Defendant argues that the search was unreasonable because the police officer did not know about the arrest warrants for Defendant prior to arriving at the residence. [BIC 6]

**{3}** The district court held a hearing on Defendant's motion to suppress prior to the jury trial. At that hearing, the officer testified that he was dispatched to a mobile home to conduct a welfare check on an eight-year-old child. [2-17-22 CD 10:13:30; I RP 12] The person who called in the welfare check was the child's father. [2-17-22 CD 10:17:50] He was concerned that the child's mother was allowing a man who uses drugs to live in her home with the child. [Id.; 1 RP 12] The caller identified that man as Defendant, and dispatch noted that the caller advised that [Defendant] had an outstanding warrant for his arrest." [2 RP 291; 2-17-22 CD 10:16:38] When the officer arrived at the residence, the child's mother answered the front door. As they were talking in the doorway, a man walked into the living room behind the child's mother. [2-17-22 CD 10:14:40] The officer confirmed that the man was Defendant and asked him to step outside to address the warrant, so that the arrest would not be made in front of the child. [2-17-22 CD 10:14:45] The officer placed Defendant in handcuffs and informed him that he was under arrest, and then searched Defendant incident to arrest. [2-17-22 CD 10:14:55] In Defendant's front left pocket, the officer found a substance that appeared to be methamphetamine in a small tin container. [2-17-22 CD 10:15:13] Defendant moved to suppress the evidence. [2 RP 279-85]

**{4}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). The appellate court reviews "factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

**{5}** A warrantless search incident to legal arrest is a well-established exception to the warrant requirement, and is "considered reasonable because of the practical need to prevent the arrestee from destroying evidence or obtaining access to weapons or instruments of escape, without any requirement of specific probable cause to believe weapons or evidence are present in a particular situation." *State v. Rowell*, 2008-NMSC-041, ¶ 13, 144 N.M. 371, 188 P.3d 95 (citing *State v. Paul T.*, 1999-NMSC-037, ¶ 11, 128 N.M. 360, 993 P.2d 74). Defendant does not challenge this long-standing exception to the warrant requirement, nor does Defendant challenge the validity of the outstanding arrest warrants [2 RP 296-97]; instead his arguments as to the district court's denial of the motion to suppress focus on the legality of the arrest itself. Defendant asserts that his arrest was unlawful because the officer did not have sufficient personal knowledge about the arrest warrants to affect a lawful arrest at the time that he arrived at the residence for an unrelated welfare check. [BIC 6-7]

Defendant claims that the district court's finding that the officer confirmed the existence of an outstanding arrest warrants for Defendant "is not supported by substantial evidence." [BIC 7] We disagree.

{6}    Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880. The testimony of a single witness constitutes sufficient evidence to uphold a conviction. *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333. The State presented ample evidence to show that the officer knew about valid arrest warrants for Defendant well before encountering Defendant. The officer testified multiple times that dispatch informed him of Defendant's warrants prior to when the officer arrived on scene. [2-17-22 CD 10:14:20; 10:16:38; 10:18:18] On a recross-examination, the officer answered that he was "very, very positive" that he had "received that information [regarding the arrest warrants] prior to even pulling up in the mobile home park." [2-17-22 CD 10:19:51] The officer's testimony was supported by the dispatch report, of which the district court took judicial notice [2-17-22 CD 10:20:25], which states, "[Reporting party] advised that [Defendant] had an outstanding warrant for his arrest." [2 RP 291] "Narrative #2" in the report, which was completed by the officer, states that "[p]rior to arriving at the residence, I was advised by APD Dispatch that [Defendant] has two confirmed warrants out of Otero County Sheriff's Office." [2 RP 291] We also note that the district court explicitly found the officer's testimony "to be credible and trustworthy." [2 RP 315] In light of this evidence presented to the district court, this Court concludes that substantial evidence existed to support the finding contested by Defendant and the district court's denial of Defendant's motion to suppress.

{7}    Defendant argues, and we acknowledge, that the district court's order denying Defendant's motion somewhat mischaracterizes the evidence. [BIC 7] The district court wrote that the officer "prior to arriving at the residence, ran the name of [Defendant] through the Otero County Sheriff's Office dispatch and learned that [Defendant] had an outstanding warrant for his arrest." [2 RP 314, ¶ 25] The district court also found that the officer "had a lawful and reasonable basis for responding to the residence as well as running a 'wants and warrants' check on [Defendant] whom was suspected to be located at the residence." [2 RP 314, ¶ 27] This is an inartful summary of the evidence; it does not appear that the officer himself "ran the name" of Defendant, but he did testify dispatch relayed such information to him, which was supported by the dispatch report itself. Thus, we decline to conclude that the district court's errors in summarizing the testimony should result in reversal in favor of Defendant. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Findings of fact are to be liberally construed so as to uphold the judgment of the trial court. [E]ven where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned." (citation omitted)).

**{8}** Furthermore, to the extent that Defendant's assertions ask this Court to impose a heightened standard as to an officer's absolute knowledge of arrest warrants, we note that such a rule would be contrary to our case law. This Court has rejected such overly technical arguments as to lawful arrests in the past. *See, e.g.*, *State v. Widmer*, 2021-NMCA-003, ¶ 6, 482 P.3d 1254 (concluding that the defendant's arrest, pursuant to valid and unchallenged arrest warrants was lawful, irrespective of compliance with local police department policy regarding secondary confirmation of the accuracy of the arrest warrant); *State v. Grijalva*, 1973-NMCA-061, ¶¶ 5, 10-13, 85 N.M. 127, 509 P.2d 894 (holding that arrest and seizure were lawful where dispatch indicated the defendant had an outstanding warrant and that in the absence of a challenge to the validity of an arrest warrant, physical possession of the warrant is not required for a lawful arrest).

**{9}** For these above reasons, we conclude that the district court did not err in denying Defendant's motion to suppress the evidence resulting from a search incident to a lawful arrest.

**{10}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B YOHALEM, Judge**